■ ANTHONY VILLANI, Appellant, v CITY OF NEW YORK, Respondent and Third-Party Plaintiff. CONSOLIDATED EDISON Co. OF NEW YORK, Third-Party Defendant-Respondent.—Order, Supreme Court, New York County (Leland DeGrasse, J.), entered June 12, 1990, which, *inter alia,* granted summary judgment dismissing plaintiff's complaint against defendant City of New York, unanimously affirmed, with costs.

On March 4, 1986, plaintiff, an employee of third-party defendant Con Edison, sustained personal injuries when he went to inspect the oil reservoir in manhole #308 located at the intersection of Avenue A and East 4th Street. When plaintiff attempted to remove a cap from an oil filler pipe,

using a wrench, a flash explosion and fire occurred due to leaking natural gas from an adjacent Con Edison gas main. Both the manhole and the gas main are owned, controlled and maintained by Con Edison. Plaintiff thereafter commenced the action against the City alleging it was liable under Labor Law § 241 (6). The City then brought a third-party action against Con Edison.

We agree with the IAS court's determination that the City cannot be held liable to plaintiff, as plaintiff failed to establish that the City was the "owner" under Labor Law § 241 (6) of the subject worksite. *(See generally, Allen v Cloutier Constr. Corp.,* 44 NY2d 290; *Hauser v State of New York,* 147 AD2d 615.)

Even if the City is the "owner" of the subject manhole for purposes of the Labor Law, the action would still have to be dismissed as plaintiff's work did not constitute "construction, excavation or demolition work" as to fall within the purview of Labor Law § 241 (6) and Industrial Code (12 NYCRR) § 23-1.4 (b). *(See, Whitaker v Norman,* 75 NY2d 779, *affg* 146 AD2d 938; *DaBolt v Bethlehem Steel Corp.,* 92 AD2d 70, *lv dismissed* 60 NY2d 701.)* Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Smith, JJ.