■ CLIFF ALLSTADT, Appellant, v LONG ISLAND HOME, LTD., et al., Respondents. [620 NYS2d 425] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated June 29, 1993, which granted the defendants' separate motions for summary judgment dismissing the complaint insofar as it is asserted against each of them.

Ordered that the order is reversed, on the law, with one bill of costs, and the defendants' motions for summary judgment are denied.

While the plaintiff was a patient at the defendant hospital, he was injured on the hospital grounds when a split rail fence that he was leaning on broke and he fell to the ground. The plaintiff commenced this action against the hospital and the company that constructed and installed the fence. After discovery, the court granted the defendants' separate motions for

summary judgment, finding that the plaintiff failed to demonstrate that the fence was defective or that the hospital had notice of the alleged defect.

In opposition to the defendants' motions, the plaintiff submitted affidavits from two witnesses which stated that the portion of the fence in question had broken at least twice before when people leaned on it, and that after each accident, a member of the hospital staff simply replaced the rail in the fence. Since evidence of prior similar accidents is admissible in negligence actions to establish both (1) that a particular condition is dangerous, and (2) that the defendant had notice of it (see, Klatz v Armor El. Co., 93 AD2d 633; Richardson, Evidence § 196 [Prince 10th ed]), the plaintiff sufficiently established the existence of a triable issue of fact as to whether the fence was defective and whether the hospital had notice of the defect (see, Zuckerman v City of New York, 49 NY2d 557, 562; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067). Accordingly, the defendants' motions for summary judgment should have been denied. Mangano, P. J., Lawrence, Copertino, Krausman and Goldstein, JJ., concur.