LAWRENCE ROBINSON, Appellant, v CITY OF NEW YORK, Respondent and Third-Party Plaintiff-Respondent. NEW YORK CITY TRANSIT AUTHORITY, Third-Party Defendant-Respondent. [622 NYS2d 28] —Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered November 1, 1993, which granted the motion of third-party defendant New York City Transit Authority and cross motion of defendant City of New York for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff, an employee of third-party defendant New York City Transit Authority (NYCTA), was injured while replacing a rail on the subway tracks, and instituted this action against the City of New York pursuant to Labor Law § 241 (6). The City then sought indemnification from the NYCTA.

We agree with the Supreme Court that the City was not an "owner" of the accident site within the meaning of the statute, since pursuant to its lease with the NYCTA, the City had no actual or potential control over the worksite and retained a right of re-entry for non-transit purposes only *(see, Villani v City of New York,* 171 AD2d 418). Moreover, the complaint was properly dismissed since the routine maintenance work being performed by plaintiff at the time of the accident did not constitute construction, demolition or excavation changing the structural quality of a building or structure, as contemplated by the statute *(see, Alfieri v New York City Tr. Auth.,* 190 AD2d 594, *lv denied* 82 NY2d 655; *Vilardi v Berley,* 201 AD2d 641, *lv denied* 83 NY2d 760). Finally, the complaint was

properly dismissed because plaintiff failed to allege a violation of a specific implementing regulation promulgated under Labor Law § 241 (6) *(Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494). Concur—Rosenberger, J. P., Kupferman, Nardelli and Tom, JJ.