■ JOHN TANZER, Appellant, v A. TERZI PRODUCTIONS et al., Respondents, et al., Defendants. [664 NYS2d 44] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered on or about April 10, 1997, which, *inter alia*, granted the cross motions of defendants Neptune Beach Club and A. Terzi Productions for summary judgment dismissing the complaint and denied plaintiff's motion for partial summary judgment on the issue of liability against defendant Neptune Beach Club, unanimously affirmed, without costs.

Plaintiff, who was injured when the ladder he was standing on slipped while he was in the process of temporarily decorating the building by attaching scenery and other objects in order to change its appearance for a period of brief duration in which the building was used as a set for making a television film, was engaged in work that did not affect the structural integrity of the building. Therefore, his claim does not fall within the purview of Labor Law § 240 (1) (*see, Perchinsky v State of New York*, 232 AD2d 34).

Plaintiff's Labor Law § 200 claim against defendants-respondents was also properly dismissed, since it is clear that they exercised no supervisory control over plaintiff's actions (*see, Gregorio v Getty Petroleum Corp.*, 201 AD2d 278).

We have considered plaintiff's other arguments and find them to be without merit. Concur—Ellerin, J. P., Williams, Tom and Mazzarelli, JJ.