■ JOHN R. DIXON, Respondent, v BINDER MACHINERY COMPANY, Appellant, et al., Defendants. (And a Third-Party Action.) [669 NYS2d 249] —In an action, inter alia, to recover damages for personal injuries, the defendant third-party plaintiff Binder Machinery Company appeals from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered March 4, 1997, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, an employee of the third-party defendant Yonkers Contracting, was injured when the upper windshield of a hydraulic excavator he was operating fell from its open position and struck him on the head. The excavator was leased to Yonkers Contracting by the appellant Binder Machinery Company (hereinafter Binder). We agree with the Supreme Court that the existence of numerous issues of fact precludes an award of summary judgment to Binder. Among other things, the plaintiff offered evidence that he had made prior complaints to an employee of Binder regarding the alleged defect in the mechanism that was designed to hold the excavator's moveable windshield in an open position. Binder failed to refute this evi-

dence of notice as a matter of law (*see, Allstadt v Long Is. Home,* 210 AD2d 365). Nor did Binder demonstrate, as a matter of law, that it owed no duty in connection with the maintenance of the excavator at the pertinent time (*see, Eiseman v State of New York,* 70 NY2d 175, 187; *Levine v Zarabi,* 243 AD2d 448).

We have reviewed the appellant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Ritter and Krausman, JJ., concur.