OPINION OF THE COURT
F. Dana Winslow, J.
The plaintiffs motion pursuant to CPLR 3212 for an order granting him summary judgment on his Labor Law § 240 (1) claim, and the defendant’s and third-party defendant’s cross motions pursuant to CPLR 3212 for an order denying the plaintiffs motion, granting them summary judgment and dismissing the complaint, are determined as follows:
The plaintiff was injured as a result of a fall from a ladder he was using during the course of his employment by the second third-party defendant Spectacor Management Group (hereinafter SMG). SMG operates the Nassau Coliseum and leases its exhibition space to promoters, including the defendant Expositions, Inc. (Expositions). Expositions in turn leased exhibit space to the third-party defendant Anderson Windows, Inc. (Anderson) who displayed their products during the course of an exposition.
At the conclusion of the exposition and during the dismantling of Anderson’s display, which consisted of a two- to four-inch-high carpeted platform on which was attached various windows and doors, the plaintiff fell from a ladder he was using to detach one component of the display.
The plaintiffs complaint alleges violations of Labor Law § 240 (1) and § 241 (6) by violations of the Industrial Code, 12 NYCRR 23-1.21 (e). The plaintiffs motion seeks summary judgment only as regards his section 240 (1) claims, which statute provides, as relevant: “All contractors and owners and their agents * * * in the * * * demolition, repairing [or] altering ***ofa*** structure shall furnish or * * * cause to be furnished * * * for the performance of such labor * * * ladders * * * which shall be so constructed, placed and operated as to give proper protection to a person so employed”.
The first cause of action in the complaint alleges that the ladder upon which the plaintiff was standing fell causing the injury and the fall was a result of the defendant’s failure to furnish him with a ladder constructed, placed and operated so *255 as to give him proper protection. The plaintiffs affidavit in support of his motion asserts that, in order to remove the portion of the display he was working on, he used a wooden “A” frame ladder and due to the location of the window displays on the platform he had to place the front legs of the ladder on the platform and the rear legs rested on the concrete floor of the exhibition hall. He stated that at the time of his accident he was standing eight feet ábove the floor and leaning to the left in order to reach the display. After unbolting the logo from the top of the display, the ladder fell. The ladder did not have rubber feet, nor had SMG provided anyone to hold the ladder for him. The condition of the ladder and this scenario remains unrebutted.
. Purpose of Labor Law § 240 (1)
The purpose of the Labor Law statute is to protect workers and to impose the responsibility for safety practices upon those best situated to bear that responsibility (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500). It is well established that the duties imposed by Labor Law § 240 (1) are nondelegable and that an owner or contractor who breaches that duty may be held liable regardless of whether or not it actually exercised supervision or control over the work (supra, at 500; see also, Haimes v New York Tel. Co., 46 NY2d 132, 136-137).
Further, the statute “is to be construed as liberally as may be for the accomplishment of the purpose for which it was * * * framed” (Quigley v Thatcher, 207 NY 66, 68). The issue presented to the court in plaintiffs motion is whether Labor Law § 240 (1) applies under the circumstances. The plaintiff was clearly not working on a construction site, nor was he engaged in what is normally thought of as a construction-related activity. The Court of Appeals has addressed the application of section 240 (1) in numerous settings, but none that are four square with the facts presented. In Ross v Curtis-Palmer, the Court provided that liability under section 240 (1) (otherwise known as the scaffold law) was intended to apply to and “ ‘to give proper protection to [construction workers employed on the premises].’” (Ross v Curtis-Palmer Hydro-Elec. Co., supra, at 500.)
Additionally, it is “clear that liability under Labor Law § 240 (1) was not meant to apply to routine maintenance in a non-construction, non-renovation context” (see, Edwards v Twenty-Four Twenty-Six Main St. Assocs., 195 AD2d 592, 593; see also, Manente v Ropost, Inc., 136 AD2d 681). The issue of what con *256 stitutes “routine maintenance” has also been addressed, the courts concluding that, for example, the changing of a light bulb (Giambalvo v National R. R. Passenger Corp., 850 F Supp 166) and the repair of subway tracks (Robinson v City of New York, 211 AD2d 600) are routine maintenance and not within the ambit of section 240 (1).
Structure and Altering
In a similar context and instructive here, the Court of Appeals has addressed the application of section 240 (1), inter alia, in the context of an injury not occurring on a construction site (see, Jock v Fien, 80 NY2d 965). In that case the plaintiff was injured while working on a concrete mold and the issue raised was whether he was engaged in building construction or another designated activity embraced by the Labor Law provisions and, if so, whether the mold from which he fell is a “structure” as contemplated in the Labor Law, including sections 200, 240 (1) and 241 (6) (see, Jock v Fien, 176 AD2d 6, 7, 8). The Court concluded that the plaintiff was neither covered by sections 200, 240 (1) nor 241 (6) as he was not engaged in any construction or sewer project nor in renovation or alteration work at the factory. The Court held that the work fabricating the molds during the normal manufacturing process did not involve “erection, demolition, repairing, altering, painting, cleaning or pointing” as contemplated by Labor Law § 240 (1), or “construction” or “excavation” work, considered in Labor Law § 241 (6) and 12 NYCRR 23-1.4 (b) (13) claims. The Court held that he was therefore not engaged in an activity protected by the statute.
Decided with Jock v Fien (80 NY2d 965, supra) was Lombardi v Stout (80 NY2d 290) which considered another section 240 (1) claim. The Lombardi Court supported a narrow interpretation of section 240 (l)’s application and restricted the statute to construction-related accidents defining structure as: “ ‘ “any production or piece of work artificially built up or composed of parts joined together in some definite manner” ’ ” (supra, at 295; see, Lewis-Moors v Contel of N. Y., 78 NY2d 942; Caddy v Interborough R. T. Co., 195 NY 415, 420). In the case at bar, the display on which the plaintiff was working at the time of his accident is clearly a “structure” within this definition.
In Joblon v Solow (91 NY2d 457), the Court addressed the issue of the scope of section 240 (l)’s application once again. In Joblon, an electrician fell from a ladder while employed to *257 chop a hole through a block wall to route conduit and wiring to install a wall clock. The certified questions presented were (1) did the plaintiffs work constitute a repair or alteration of a building or structure within the meaning of section 240 (1), and (2) did section 241 (6) apply, based on the work being repair or maintenance within the meaning of 12 NYCRR 23-1.1 et seq. The Court answered both questions affirmatively, noting that a narrow reading of the statute would “ignore * * * prior holdings that workers injured while cleaning a railway car (Gordon v Eastern Ry. Supply, 82 NY2d 555 * * *), repairing an electrical sign (Izrailev v Ficarra Furniture, 70 NY2d 813) or painting a house (Rivers v Sauter, 26 NY2d 260) come within the ambit of the statute even though they were not working at a building construction site” (Joblon v Solow, supra, at 464). The Court declined to limit the reach of the statute to work performed on a construction site and instead, held that altering within the meaning of Labor Law § 240 (1) required “making a significant physical change to the configuration or composition of the building or structure” {supra, at 465). In the instant matter, the plaintiff was completely dismantling the display on which he was working, which the court concludes constitutes a “significant physical change”.
Accordingly, based upon the foregoing definitions of “structure” and the requirements of a significant physical change to the configuration of a structure, the court finds Labor Law § 240 (1) applicable under the facts of the case at bar.
Even though the court recognizes that the “display” described in this claim may expand the definition of structure beyond the Legislature’s contemplation in drafting Labor Law § 240 (1), the Legislature has the prerogative to determine the scope of the law it creates. Thus, the courts have been presented with ever-emerging fact patterns which they must interpret in light of a mandate that continues unrevised and unvisited by the New York Legislature, resulting in uncertainty in a frequently visited area of tort liability.
In order to prevail on a claim arising out of section 240 (1), a plaintiff must establish both that the statute was violated and that the violation was a proximate cause of his injuries (see, Sprague v Peckham Materials Corp., 240 AD2d 392; Bland v Manocherian, 66 NY2d 452). Here, the unrebutted contention that the ladder slipped and fell, that it was unbraced or unsecured and was the proximate cause of the plaintiffs injuries, establishes a prima facie violation of Labor Law § 240 (1) (see, Martinsen v County of Nassau, 249 AD2d 519; Young *258 Soo Park v Jay St. Realty Assocs., 249 AD2d 300; see also, Anderson v Schul/Mar Constr. Corp., 212 AD2d 493). The defendants have failed to submit evidence in admissible form to rebut this prima facie showing (see, Zuckerman v City of New York, 49 NY2d 557). Accordingly, the plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1) is granted.
Defendant’s Motion Under the Regulations
The defendant and third-party defendant cross-move for summary judgment pursuant to CPLR 3212 against both Labor Law claims and seek dismissal of the complaint. The section 240 (1) claim has been determined as aforementioned. As to the section 241 (6) claim, the defendant Expositions asserts that it is not liable because the display did not constitute a “structure” and the plaintiff was not engaged in “construction work” at the time of the accident. Regarding the Labor Law § 241 (6) claims, the Court in Joblon v Solow (supra) held that liability under this statute is not limited to accidents occurring on building construction sites, and as the regulations contained in the Industrial Code (12 NYCRR 23-1.4 [b] [13]) define construction work to include work in which the plaintiff was engaged, the determination of these motions is narrowed to an examination of whether or not specific provisions of the regulations were violated by the defendants (see, 12 NYCRR 23-1.1 et seq.).
The court further notes that the definition of “construction work” includes the moving of structures and that the definition of “demolition” includes the partial dismantling of a structure, as contained in section 241 (6) of the Labor Law (see, 12 NYCRR 23-1.4 [b] [13], [16]). Accordingly, the court finds that the work the plaintiff was engaged in at the time of his accident falls within the ambit of Labor Law § 241 (6).
“Labor Law § 241 (6), unlike section 240 (1), is not self-executing” (see, Vernieri v Empire Realty Co., 219 AD2d 593, 597; Long v Forest-Fehlhaber, 55 NY2d 154). “ ‘ “[A]n action predicated upon Labor Law § 241 (6) must refer to a violation of the specific standards set forth in the implementing regulations (12 NYCRR part 23)” ’ ” (Vernieri v Empire Realty Co., supra, at 597). The plaintiffs theory of liability, as regards section 241 (6), is limited solely to liability arising under 12 NYCRR 23-1.21 (e) (3), which, as relevant here, provides: “Stepladder footing. Standing stepladders shall be used only on firm, level footings.”
*259 The plaintiff asserts that, of necessity, he placed the front legs of the ladder on the platform and the rear legs on the concrete floor next to the display. While the. platform was between two inches and four inches high, the court cannot conclude whether, based on the facts presented, this constitutes a level footing or a violation of the regulations. Accordingly, the defendant Expositions’ motion for summary judgment is denied, as there remains an issue of material fact.
The plaintiff further asserts that the defendant’s failure to insure that the ladder was steady, secure and erect constitutes a violation of the statute. Among other things, the plaintiff notes that the ladder did not have rubber safety feet, a Labor Law § 241 (6) claim. Although this assertion remains unrebutted, the plaintiff has not shown that the defendant had a duty to supply a ladder with rubber safety feet. The plaintiff further asserts that the defendant failed to provide help to the plaintiff to hold the ladder steady when in use, yet the applicable regulations require that such assistance is necessary only when the work is being performed 10 or more feet above the footing. The plaintiff asserts that he was only working eight feet from the ground, again, failing to show that the defendant had a duty to provide such assistance (see, 12 NYCRR 23-1.21 [e]). In short, the plaintiff has not asserted any cognizable defect in the ladder he was supplied or a violation of the applicable regulations concerning assistance in stabilizing that ladder in support of his section 241 (6) claim.
Turning to the question of third-party defendant Anderson’s motion for summary judgment, the court notes that the plaintiff was not employed by this defendant and the work performed by the plaintiff was not directed or supervised by Anderson. However, the contract for exhibit space rental clearly obligates Anderson to indemnify Expositions, Inc. for any liability arising under the instant circumstances. Anderson, in response, contends that it did not execute this contract. Thomas Fess’ signature appears in the contract, and at his deposition Fess stated that he signed a contract, in 1994, on behalf of Anderson Windows with Expositions. Accordingly, Anderson’s motion for summary judgment is denied. Upon searching the record, the court grants summary judgment against Anderson and in favor of defendant and fourth-party defendant as Expositions, SMG and Nassau Coliseum are entitled to indemnification from Anderson on the section 240 (1) claim *260 and on the other claims, if they are ultimately held liable to the plaintiff.
The parties are directed to appear for a conference, in chambers, January 21, 1999, at 9:30 a.m.