■ In the Matter of UNITED FEATURE SYNDICATE, INC., Petitioner, v TAX APPEALS TRIBUNAL OF THE CITY OF NEW YORK et al., Respondents. [684 NYS2d 218] —Determination of respondent New York City Tax Appeals Tribunal dated August 4, 1997, which sustained a General Corporation Tax (GCT) deficiency assessment against petitioner for 1981 and the period January 1, 1982 through June 2, 1982, unanimously confirmed, the petition denied, and the proceeding, brought pursuant to CPLR article 78, dismissed, without costs.

The letters sent to petitioner by the City Department of Finance and the statements on the GCT returns for 1981 and 1982, permitting petitioner to file combined GCT returns with another corporation, did not preclude the Department from subsequently auditing those returns and, upon doing so, determining that the tax should not be computed on a combined basis, but rather separately. The Department had at all relevant times distinguished between "filing" and "audit" (*see,* former Administrative Code of City of NY § R46-62.0 [7]; former GCT Regulations § 5-25 [b]), and thereby gave notice that it was retaining the power to de-combine filings upon audit. That the revised 1983 regulation (19 RCNY 11-91 [g] [former (3)]) was clearer in expressing the tentative nature of a combined filing does not indicate a new rule. There is no support for petitioner's argument that the City cannot audit the propriety of combined returns unless the State first de-combines them.

On the merits, the record shows ample reason for the finding that petitioner and the other company were not a unitary business entitled to a computation of their GCT liabilities on a

combined basis. At best, the two companies had only a scant overlap of centralized management; there was no functional integration, where petitioner and the other company maintained separate offices and staffs and provided their customers with different services; and there were no significant economies of scale, where the commissions and fees that petitioner paid the other company for various services were not at bargain prices and accounted for minimal percentages of the two companies' expenditures and receipts. Concur—Rosenberger, J. P., Ellerin, Tom and Saxe, JJ.