■ JOHN SINZIERI, Respondent, v EXPOSITIONS, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant. ANDERSEN WINDOWS, INC., Third-Party Defendant-Appellant-Respondent. [704 NYS2d 293] —In an action to recover damages for personal injuries, the third-party defendant, Andersen Windows, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), entered January 6, 1999, as (a) granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on his cause of action under Labor Law § 240 (1) and (b) denied its cross motion for summary judgment dismissing the third-party complaint and, upon searching the record, granted summary judgment in favor of the defendant third-party plaintiff Expositions, Inc., and against it on the issue of indemnification, and the defendant third-party plaintiff, Expositions, Inc., cross-appeals from so much of the same order as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on his cause of action under Labor Law § 240 (1) and denied that branch of its cross motion which was for summary judgment dismissing that cause of action.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the respondent.

The plaintiff was injured while dismantling an exhibit owned

by the third-party defendant, Andersen Windows, Inc. (hereinafter Andersen), which stood in the Nassau Veterans Memorial Coliseum (hereinafter the Coliseum) during the "Home Improvement & Energy Expo". The Coliseum had been leased by the defendant, Expositions, Inc. (hereinafter Expositions), for the event, and it in turn rented space to, among others, Andersen.

The injured plaintiff established a prima facie case entitling him to summary judgment on his cause of action pursuant to Labor Law § 240 (1). He presented undisputed evidence that, while dismantling the Andersen exhibit, he fell when an unsecured ladder upon which he was standing and which had no protective rubber skids, slipped from underneath him (*see, Dedes v Cambria*, 258 AD2d 495; *Kinsler v Lu-Four Assocs.*, 215 AD2d 631, 632; *Lopez v 36-2nd J Corp.*, 211 AD2d 667, 668; *Allstadt v Long Is. Home*, 210 AD2d 365). Expositions failed to raise a triable issue of fact that the plaintiff's injuries were caused by anything other than the unsecured ladder (*see, Gordon v Eastern Ry. Supply*, 82 NY2d 555; *Allstadt v Long Is. Home, supra*). Furthermore, Expositions' contention that it was not an owner under the statute is controverted by the record which reveals that Expositions was the lessee of the Coliseum at the time of the accident (*see, Buonassisi v Sears, Roebuck & Co.*, 43 AD2d 701, 702; *cf., Guzman v L.M.P. Realty Corp.*, 262 AD2d 99).

Andersen contends that its exhibit did not constitute a "structure" under Labor Law § 240 (1). The exhibit, however, which was composed of interlocking parts, clearly falls within the definition of structure as a " 'piece of work artificially built up or composed of parts joined together in some definite manner' " (*Lombardi v Stout*, 80 NY2d 290, 295).

Finally, the Supreme Court properly determined that Expositions was entitled to contractual indemnification from Andersen. The unsigned "Exhibitor's Manual", which contained the subject indemnity provision, was expressly incorporated into the contract signed by Andersen, and the two documents clearly referred to the same subject matter, i.e., the leasing of space for Andersen's exposition display (*see, Crabtree v Elizabeth Arden Sales Corp.*, 305 NY 48, 55). Mangano, P. J., Bracken, Luciano and Smith, JJ., concur. [*See*, 179 Misc 2d 252.]