■ RAMON G. CAMPOS et al., Plaintiffs, v NEW YORK CITY HOUSING AUTHORITY, Appellant, and LONG ISLAND COMMUNICATIONS SYSTEMS, INC., Respondent. [743 NYS2d 536] —In an action to recover damages for personal injuries, etc., the defendant New York City Housing Authority appeals from (1) an order of the Supreme Court, Queens County (Golar, J.), dated September 14, 2000, which denied its motion for summary judgment on its cross claims against the defendant Long Island Communications Systems, Inc., for contractual defense and indemnification and, upon searching the record, dismissed its cross claims for contractual defense and indemnification and common-law indemnification as against that defendant, and (2) an order of the same court, dated January 26, 2001, which denied its motion for leave to renew.

Ordered that the order dated September 14, 2000, is modified, on the law, by deleting the provisions thereof which, upon searching the record, dismissed the cross claims of the defendant New York City Housing Authority for contractual defense and indemnification and common-law indemnification as against the defendant Long Island Communications Systems, Inc.; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from the order dated January 26, 2001, is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated September 14, 2000.

Ramon Campos commenced this action (hereinafter the Campos action) against the defendant New York City Housing Authority (hereinafter the Authority) and the defendant Long Island Communications Systems, Inc. (hereinafter LIC), for injuries he sustained when he was assaulted in a building owned by the Authority. When the assault took place, LIC was

installing a new intercom and lock system for the building, and had entered into a contract with the Authority containing provisions delineating LIC's responsibility for the safety of the tenants as LIC performed its work. The contract also stated that LIC would defend and indemnify the Authority with regard to any claims concerning injuries to tenants which were a result of LIC's work on the building. As a result of being sued by Campos, the Authority instituted cross claims against LIC for contractual defense and indemnification and common-law indemnification.

Prior to litigating the cross claims, the Authority commenced a separate declaratory judgment action against LIC's insurer, Commercial Union Insurance Company (hereinafter Commercial Union), and sought a judgment declaring that Commercial Union had a duty to defend and indemnify the Authority in the Campos action. The Supreme Court in the declaratory judgment action determined, as a matter of law, that there was no possible factual or legal basis for liability on the part of LIC, and that Commercial Union did not have a duty to defend or indemnify the Authority. After that determination, the Authority moved for summary judgment with regard to its cross claims against LIC in the Campos action. The Supreme Court, upon searching the record, dismissed the Authority's cross claims for contractual defense and indemnification and common-law indemnification based on the principle of collateral estoppel, relying on the determination made in the declaratory judgment action.

However, the Authority appealed from the order in the declaratory judgment action, and this Court held that Commercial Union had a duty to defend the Authority in the Campos action. In addition, this Court determined that the contractual defense and indemnification claims should not have been dismissed, for issues of fact existed (*see New York City Hous. Auth. v Commercial Union Ins. Co.*, 289 AD2d 311, 313). Therefore, applying the principle of collateral estoppel, we now hold that the Authority's cross claims for contractual defense and indemnification should not have been dismissed, but rather, its motion for summary judgment on its cross claims for contractual defense and indemnification should have been denied, as issues of fact exist (*see Cornwall Warehousing v Town of New Windsor*, 238 AD2d 370; *Braunstein v Braunstein*, 114 AD2d 46).

Further, although a court can search the record and award a nonmoving party summary judgment, it can do so only with respect to the cause of action or issue that is the subject of the

motion before it (*see Dunham v Hilco Constr. Co.,* 89 NY2d 425; *Carrollwood Condominium Bd. of Mgrs. v Polle,* 291 AD2d 425). The Supreme Court did not have the authority to search the record and dismiss the Authority's cross claim for common-law indemnification because the Authority had only moved for summary judgment with regard to its cross claims for contractual defense and indemnification. The cross claim for common-law indemnification was not the subject of the motion before the court.

The parties' remaining contentions are without merit. Ritter, J.P., O'Brien, Crane and Cozier, JJ., concur.