■ JORGE CHUCHUCA, Appellant, v REDUX REALTY LLC et al., Defendants and Third-Party Plaintiffs-Respondents. ACME AMERICAN REPAIRS, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendants. [757 NYS2d 8] —Order, Supreme Court, Bronx County (Janice Bowman, J.), entered on or about January 23, 2002, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff alleges that he was injured on defendants' premises when a piece of wire that he was cutting struck him in the eye, and that defendants failed to provide him with safety goggles in violation of Labor Law § 241 (6) and Industrial Code (12 NYCRR) § 23-1.8 (a). However, the commercial dishwasher that plaintiff was repairing or "rebuilding" when injured was neither a "structure" (*compare Smith v Shell Oil Co.*, 85 NY2d 1000 [1995] [free-standing gas station sign]; *Gordon v Eastern Ry. Supply*, 82 NY2d 555 [1993] [railroad car]; *Lewis-Moors v Contel of N.Y.*, 78 NY2d 942 [1991] [telephone pole]), nor a part of a structure (*see Malczewski v Cannon Design*, 125 AD2d

941 [1986] [computer equipment]; *compare Joblon v Solow*, 91 NY2d 457 [1998] [concrete block wall]; *Caraciolo v 800 Second Ave. Condominium*, 294 AD2d 200 [2002] [water tank]), within the meaning of 12 NYCRR 23-1.4 (b) (13). Therefore, even if the work that plaintiff was doing could be considered "construction * * * work" within the meaning of section 241 (6) (*but see Nagel v D & R Realty Corp.*, 99 NY2d 98, 102-103 [2002]), he has no claim under that statute (*see id.*). While plaintiff's general negligence claim is encompassed within Labor Law § 200, the record demonstrates neither supervision nor control by defendants as would subject them to any duty to provide a safe construction site (*see Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]). Concur—Mazzarelli, J.P., Saxe, Sullivan, Ellerin and Gonzalez, JJ.