■ THOMAS STANISLAWCZYK, Appellant, v 2 EAST 61ST STREET CORP. et al., Respondents. [767 NYS2d 30]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered June 10, 2002, which granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment on his cause of action under Labor Law § 240, unanimously affirmed, without costs.

Plaintiff, who was allegedly injured while taking down a decorated wooden disk that had been suspended for use as a ceremonial canopy at a wedding, was not working upon a "structure" at the time of his accident and, accordingly, may not recover for his injuries pursuant to Labor Law § 240 (1) (*see Tanzer v A. Terzi Prods.*, 244 AD2d 224 [1997]). Because Labor Law § 241 (6), like section 240 (1), requires as a condition of its applicability that the injury-producing task be performed in connection with structural work (*see Alfieri v New York City Tr. Auth.*, 190 AD2d 594 [1993], *lv denied* 82 NY2d 655 [1993]), plaintiff's claim thereunder was no more viable than his Labor Law § 240 (1) claim. Also properly dismissed were plaintiff's claims under Labor Law § 200 and for common-law negligence. It is undisputed that defendants did not direct or control plaintiff's work (*see Reilly v Newireen Assoc.*, 303 AD2d 214, 219 [2003], *lv denied* 100 NY2d 508 [2003]). Concur—Buckley, P.J., Mazzarelli, Andrias, Sullivan and Marlow, JJ.