■ JORGE JUNCAL et al., Respondents-Appellants, v W 12/14 WALL ACQUISITION ASSOCIATES, LLC, et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents, and SWEET CONSTRUCTION CORP., Respondent-Appellant. METRO DOMOLITION CONTRACTING CORP., Third-Party Defendants-Respondents. [790 NYS2d 193]—

In an action to recover damages for personal injuries, etc., (1) the defendant Equinox Wall Street, Inc., the defendant Equinox Management Inc., the defendant second third-party plaintiff W 12/14 Wall Acquisition Associates, LLC, and the defendant second third-party plaintiff Stellar Management, Ltd, appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated April 25, 2003, as denied their cross motion for contractual indemnification from the third-party defendant and second third-party defendant Metro

Demolition Contracting Corp., and granted that branch of the motion of Metro Demolition Contracting Corp. which was for summary judgment dismissing third-party complaint and second third-party complaint insofar as they sought contribution or indemnification, (2) the plaintiffs separately appeal, as limited by their brief, from so much of the same order as (a) denied their motion for summary judgment on their causes of action to recover damages under Labor Law §§ 240 and 241 (6), and (b) denied their cross motion to join Bell Development Corporation as a party defendant, and (3) the defendant Sweet Construction Corp. cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Sweet Construction Corp. which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against it, and substituting therefor a provision granting that branch of the motion and, upon searching the record, dismissing the Labor Law § 241 (6) cause of action insofar as asserted against Equinox Wall Street, Inc., Equinox Management, Inc., W 12/14 Wall Acquisition Associates, LLC, and Stellar Management, Ltd; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendant Sweet Construction Corp. payable by the plaintiffs.

The Supreme Court properly dismissed the causes of action for contractual indemnification against Metro Demolition Contracting Corp. (hereinafter Metro), contained in the third-party complaint and second third-party complaint. Metro established that the contract between it and Bell Development Corporation (hereinafter Bell) defined Bell as the "owner," and the indemnification provision specifically required Metro to indemnify the owner, the architect, and their agents and employees. In response, Equinox Wall Street, Inc., and Equinox Management, Inc. (hereinafter collectively Equinox), W 12/14 Wall Acquisitions Associates, LLC (hereinafter Wall), and Stellar Management, Ltd. (hereinafter Stellar), failed to offer any evidence that they were agents or employees of the owner, or that the parties otherwise intended that Metro indemnify them (*see Hooper Assoc. v AGS Computers,* 74 NY2d 487 [1989]; *Lipshultz v K & G Indus.,* 294 AD2d 338 [2002]).

In addition, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion to add Bell as a party defendant (*see Edenwald Contr. Co. v City of New York,* 60

NY2d 957, 959 [1983]; *Kramer & Sons v Facilities Dev. Corp.,* 135 AD2d 942 [1987]). The plaintiffs failed to offer any excuse for the delay in making the motion, and the defendants would be prejudiced by the amendment.

The court properly denied that branch of the motion of Sweet Construction Corp. (hereinafter Sweet) which was for summary judgment dismissing the cause of action to recover damages under Labor Law § 200 insofar as asserted against it. There were questions of fact as to whether Sweet had the authority to control the plaintiff's activity allowing it to avoid or correct unsafe conditions (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Singleton v Citnalta Constr. Corp.,* 291 AD2d 393 [2002]). The court also properly denied the plaintiffs' motion for summary judgment on the Labor Law § 240 (1) cause of action and that branch of Sweet's motion which was for summary judgment dismissing that cause of action insofar as asserted against it. In addition to the questions of fact as to whether Sweet had the requisite authority in order to impose liability pursuant to the statute, there are also questions of fact as to whether the injured plaintiff was provided with an adequate safety device for the work he was performing, precluding the award of summary judgment to any of the parties (*see Narducci v Manhasset Bay Assoc.,* 96 NY2d 259, 267-268 [2001]; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501 [1993]).

However, the Supreme Court should have granted that branch of Sweet's motion which was for summary judgment dismissing the cause of action to recover damages under Labor Law § 241 (6) insofar as asserted against it. The plaintiffs failed to establish the violation of any Industrial Code provision (*see Ross v Curtis-Palmer Hydro-Elec. Co., supra* at 501-502; *Jiron v China Buddhist Assn.,* 266 AD2d 347, 350 [1999]; *see also Salinas v Barney Skanska Constr. Co.,* 2 AD3d 619 [2003]; *Freitas v New York City Tr. Auth.,* 249 AD2d 184 [1998]; *Lawyer v Rotterdam Ventures,* 204 AD2d 878 [1994]; *Sinzieri v Expositions, Inc.,* 179 Misc 2d 252 [1998], *affd* 270 AD2d 332 [2000]; *Zuniga v Stam Realty,* 169 Misc 2d 1004 [1996], *affd* 245 AD2d 561 [1997]). Moreover, given the plaintiffs' failure to meet that burden, upon searching the record, we grant Equinox, Wall, and Stellar summary judgment dismissing the cause of action to recover damages under Labor Law § 241 (6) insofar as asserted against them (*see* CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106 [1984]; *Campos v New York City Hous. Auth.,* 295 AD2d 386, 387-388 [2002]).

The plaintiffs' remaining contentions are without merit. Prudenti, P.J., H. Miller, Spolzino and Lifson, JJ., concur.