■ ANDREW REABER et al., Appellants, v CONNEQUOT CENTRAL SCHOOL DISTRICT No. 7 et al., Respondents. (And a Third-Party Action.) [870 NYS2d 72]—

The plaintiff Andrew Reaber (hereinafter the injured plaintiff) was an employee of Revco Construction Corp. (hereinafter

Revco), a subcontractor on a construction project at the Connetquot High School, whose job was to spackle drywall at the site. On August 28, 2003, the injured plaintiff was assigned to complete the spackling of a "tunnel" or "scuttle" that extended from the ceiling of a utility room to the roof of the building. Revco had several "Baker scaffolds" in the building, and the injured plaintiff had used one on each of the two prior occasions when he worked on the tunnel. However, on that date, other Revco employees were using two of Revco's Baker scaffolds on another floor of the building. The injured plaintiff testified that he asked his supervisor if he could use a Baker scaffold, but was told that carpenters were using them, and that he should complete the spackling of the tunnel using a ladder. The injured plaintiff selected an A-frame ladder and began working on the tunnel. The ladder was fully open and seemed stable, when it suddenly "kicked out," causing the plaintiff to fall to the ground and sustain injury. Only a few minutes after the incident, the general contractor's foreman allegedly saw a Baker scaffold only a few feet from the room in which the injured plaintiff had been working.

The plaintiff and his wife, suing derivatively, commenced this action against the owner of the building, Connetquot Central School District No. 7, sued herein as Connequot Central School District No. 7 (hereinafter the District), the general contractor on the project, Fortunato Sons, Inc. (hereinafter Fortunato), and the construction manager, Sullivan & Nickel Construction Co., Inc. (hereinafter Sullivan & Nickel), seeking damages, inter alia, for a violation of Labor Law § 240 (1). After discovery was completed, the plaintiffs moved for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action. The Supreme Court denied the motion, and the plaintiffs appeal.

The plaintiffs established their prima facie entitlement to judgment as a matter of law as against the District and Fortunato by submitting proof that those defendants failed to provide the plaintiff with adequate safety devices for the elevation-related risks of his work, and that their failure was the proximate cause of his injuries (see Labor Law § 240 [1]; *Gilhooly v Dormitory Auth. of State of N.Y.*, 51 AD3d 719, 720 [2008]). In response, those defendants failed to raise a triable issue of fact. Evidence that, shortly after the accident, the general contractor's foreman saw a scaffold some 50 feet from the room in which the plaintiff had been working was insufficient to raise a triable issue of fact since it did not demonstrate that the Baker scaffold had been available for the plaintiff's use when he began working on the tunnel that day (*cf. Robinson v East Med. Ctr., LP,* 6 NY3d 550, 554 [2006]).

The plaintiffs failed, however, to establish, prima facie, that Sullivan & Nickel, the construction manager, was liable under Labor Law § 240 (1) as an "agent" of the owner with the ability to control the plaintiff's activity that led to his injury. Thus, the Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action insofar as asserted against Sullivan & Nickel (*cf. Lodato v Greyhawk N. Am., LLC,* 39 AD3d 491, 492-493 [2007]).

The remaining contentions of the District and Fortunato are without merit. Fisher, J.P., Angiolillo, Dickerson and Belen, JJ., concur.