■ PATRICK HENRY et al., Respondents, v ELEVENTH AVENUE, L.P., et al., Appellants. [928 NYS2d 72]—

During the construction of a new high-rise building in Manhattan, the plaintiff, Patrick Henry (hereinafter the injured plaintiff), a carpenter, was working on the roof of a shanty that was located in the basement and used to store tools for the project. Above the shanty was a first floor concrete slab with, inter alia, metal pipes attached to it. Approximately four to five feet of space existed between the roof of the shanty and the first floor slab. While the injured plaintiff was installing waterproofing on the roof of the shanty, he struck his head against something and fell eight feet to the ground. He had not been provided with any safety devices to prevent or protect against a fall. The injured plaintiff and his wife, derivatively, commenced

this action against the defendants alleging, inter alia, a violation of Labor Law § 240 (1). Thereafter, the plaintiffs moved for summary judgment on the cause of action pursuant to Labor Law § 240 (1). The Supreme Court granted the motion. We affirm.

Labor Law § 240 (1) imposes liability upon owners and contractors who violate the statute by failing to provide or erect necessary safety devices for the protection of workers exposed to elevation-related hazards, where such failure is a proximate cause of the accident (*see Balzer v City of New York*, 61 AD3d 796, 797 [2009]). Labor Law § 240 (1) was specifically "designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker *from harm directly flowing from the application of the force of gravity to an object or person*" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]). Labor Law § 240 (1) "is to be construed as liberally as may be for the accomplishment of the purpose for which it was thus framed" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513 [1991] [internal quotation marks omitted]). To establish a prima facie violation of Labor Law § 240 (1), a plaintiff must demonstrate that the defendants violated the statute and that the violation was the proximate cause of his or her injuries (*see Andro v City of New York*, 62 AD3d 919 [2009]; *Reaber v Connequot Cent. School Dist. No. 7*, 57 AD3d 640, 641 [2008]).

Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law by submitting evidence sufficient to demonstrate that the defendants failed to provide the injured plaintiff with an adequate safety device and that this failure was a proximate cause of his injuries (*see Gordon v Eastern Ry. Supply*, 82 NY2d 555, 562 [1993]; *Cordero v Kaiser Org.*, 288 AD2d 424, 425-426 [2001]). In opposition, the defendants failed to raise a triable issue of fact. Contrary to the defendants' contention, the injured plaintiff's eight-foot fall from the roof of the shanty is the type of elevation-related hazard that is contemplated by Labor Law § 240 (1) (*see Striegel v Hillcrest Hgts. Dev. Corp.*, 100 NY2d 974, 978 [2003]; *Bland v Manocherian*, 66 NY2d 452, 459 [1985]; *Danielewski v Kenyon Realty Co.*, 2 AD3d 666, 666-667 [2003]). Moreover, the risk of the injured plaintiff hitting his head against the concrete slab or an object protruding therefrom, located only four to five feet above his head, "was neither so extraordinary nor so attenuated as to constitute a superseding cause sufficient to relieve [the defendants] of liability" (*Cordero v Kaiser Org.*, 288 AD2d at 426; *see Mooney v PCM Dev. Co.*, 238 AD2d 487, 488 [1997]).

The defendants' remaining contentions are without merit. Dillon, J.P., Eng, Sgroi and Miller, JJ., concur.