OPINION OF THE COURT
Dillon, J.P.
This appeal calls upon our Court to address the factors that should be considered in determining whether a particular item or device qualifies as a “structure” for purposes of Labor Law § 240 (1) liability.
The plaintiff, Samuel McCoy, was employed as a truck driver by nonparty Atlas Florists. On August 23, 2008, a wedding ceremony was conducted at a catering facility of the defendant Abigail Kirsch at Stage 6 (hereinafter Abigail Kirsch), which involved the use of a wedding chupah. A chupah is a canopy under which brides and grooms stand during weddings conducted in the Jewish religious tradition.
In the early morning of August 24, 2008, after the wedding celebration had ended, the plaintiff was disassembling the chupah, which was owned by Atlas. The chupah was a 10-foot-high . device made of pipe, wood, and a fabric canopy at its top. The chupah’s frame consisted of metal pipes that were 10 feet long and three inches wide, assembled to each other, and its vertical supports were attached to four steel plates on the floor. The plaintiff worked on disassembling the chupah from a six-foot-high aluminum ladder supplied by his employer, on which two feet allegedly were missing. To perform the disassembly, the plaintiff was required to use a pipe wrench, a florist knife, wire cutters, and the ladder. A few minutes into disassembly, while a coworker was holding the ladder and the plaintiff was standing on the third rung from the top of the ladder, the ladder slipped and the plaintiff fell to the floor, sustaining injuries.
In February 2009, the plaintiff commenced this action against Abigail Kirsch, Abigail Kirsch at Tappan Hill, LLC, Steiner Studios NYC, LLC, Steiner NYC, LLC, Steiner Building NYC, LLC, and Steiner Studios, LLC (hereinafter collectively the defend *15 ants), alleging causes of action, inter alia, to recover damages for violation of Labor Law § 240 (1). After discovery, the defendants moved for summary judgment dismissing, among other things, the Labor Law § 240 (1) cause of action. At issue was whether the chupah that the plaintiff was disassembling at the time of his accident was a “structure” within the scope and meaning of the Labor Law. The defendants argued that the chupah was not a structure, and hence, that they were entitled to judgment as a matter of law dismissing the Labor Law § 240 (1) cause of action. The plaintiff opposed the motion and cross-moved for summary judgment on the Labor Law § 240 (1) cause of action, arguing that the chupah was a structure and that he could recover under Labor Law § 240 (1).
In the order appealed from, the Supreme Court, Kings County, inter alia, denied that branch of the defendants’ motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action and granted the plaintiffs cross motion, finding that the chupah was a structure within the protections afforded by Labor Law § 240 (1).
For the reasons set forth below, we affirm.
Labor Law § 240 (1) imposes upon owners and general contractors a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites (see McCarthy v Turner Constr., Inc., 17 NY3d 369, 374 [2011]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500 [1993]; Rocovich v Consolidated Edison Co., 78 NY2d 509, 512-513 [1991]). Absolute liability is imposed upon owners and contractors who violate the statute by failing to provide or erect necessary safety devices for the protection of workers exposed to elevation-related hazards, and where such failure is a proximate cause of the accident (see Rocovich v Consolidated Edison Co., 78 NY2d at 513; Bland v Manocherian, 66 NY2d 452, 459 [1985]; Zimmer v Chemung County Performing Arts, 65 NY2d 513, 521 [1985]; Henry v Eleventh Ave., L.P., 87 AD3d 523, 524 [2011]). The statute’s provisions are expressly applied “in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure” (Labor Law § 240 [1] [emphasis added]).
Over a century ago, the Court of Appeals made clear that the meaning of the word “structure,” as used in the Labor Law, is not limited to houses or buildings (see Caddy v Interborough R.T. Co., 195 NY 415, 420 [1909]). The Court stated, in pertinent part, that “the word ‘structure’ in its broadest sense includes *16 any production or piece of work artificially built up or composed of parts joined together in some definite manner” (id.).
Since the legislature definitionally applied Labor Law § 240 (1) to buildings or structures, a structure, by implication, may include constructs that are less substantial and perhaps more transitory than buildings. Indeed, courts have applied the term “structure” to several diverse items such as a utility pole with attached hardware and cables (see Lewis-Moors v Contel of N.Y., 78 NY2d 942, 943 [1991]; Girty v Niagara Mohawk Power Corp., 262 AD2d 1012, 1013 [1999]), a ticket booth at a convention center (see Panico v Advanstar Communications, Inc., 92 AD3d 656 [2012]), a substantial free-standing Shell gasoline sign (see Smith v Shell Oil Co., 85 NY2d 1000, 1001 [1995]), a shanty located within an industrial basement used for storing tools (see Henry v Eleventh Ave., L.P., 87 AD3d at 523-524), a crane used for construction (see Cun-En Lin v Holy Family Monuments, 18 AD3d 800, 801 [2005]; Cornacchione v Clark Concrete Co., 278 AD2d 800, 801 [2000]), a power screen being assembled at a gravel pit (see Hodges v Boland’s Excavating & Topsoil, Inc., 24 AD3d 1089, 1091 [2005]), a pumping station (see Cabri v ICOS Corp. of Am., 240 AD2d 456, 457 [1997]), a utility van (see Moore v Shulman, 259 AD2d 975 [1999]), and a window exhibit at a home improvement show (see Sinzieri v Expositions, Inc., 270 AD2d 332, 333 [2000]). All of the foregoing items and devices meet the standard set forth by the Court of Appeals in Caddy that constituent parts be artificially built up or joined together in a definite, deliberate manner (see Caddy v Interborough R.T. Co., 195 NY at 420).
Conversely, items that have been held to not qualify as structures include temporary decorations to a building used as a set for a television film (see Tanzer v Terzi Prods., 244 AD2d 224 [1997]), a sign hung from a ceiling (see Kretzschmar v New York State Urban Dev. Corp., 13 AD3d 270, 270-271 [2004]), commercial dishwasher machines (see Chuchuca v Redux Realty, 303 AD2d 239, 239-240 [2003]), and, of particular interest here, a decorative wooden disc suspended from a ceiling for use as a ceremonial wedding canopy (see Stanislawczyk v 2 E. 61st St. Corp., 1 AD3d 155 [2003]). The characteristics of those items fall short of the Caddy definition.
Whether an item is or is not a “structure” is fact-specific and must be determined on a case-by-case basis. In determining each case, courts may consider a number of relevant factors. These factors should include, but are not necessarily limited to, *17 the item’s size, purpose, design, composition, and degree of complexity; the ease or difficulty of its assembly and disassembly; the tools required to create it and dismantle it; the manner and degree of its interconnecting parts; and the amount of time the item is to exist. However, no one factor should be deemed controlling.
We find that in this case and upon consideration of all relevant factors, the Supreme Court properly held that the chupah at Abigail Kirsch was a “structure” within the intended scope of Labor Law § 240 (1). In this action, the chupah consisted of various interconnected pipes 10 feet long and three inches wide, secured to steel metal bases supporting an attached fabric canopy. A ladder plus various hand tools were required to assemble and disassemble the chupah’s constituent parts in a process that would take an experienced worker more than a few minutes to complete.* The chupah here is more akin to the things and devices which the courts of this state have recognized as structures than to the things and devices that have not been recognized as structures.
This is not to say that every chupah qualifies as a structure under Labor Law § 240 (1). Undoubtedly, there are wide variations of chupahs, some involving a series of durable interconnected parts, and others being much more simple and merely decorative in nature. Whether or not a chupah qualifies as a “structure” under Labor Law § 240 (1) requires a consideration of more than only the purpose for which it is used. For example, the assembled pipe, wood, and fabric chupah in this matter consisted of intricate, interconnected parts, whereas, the wedding canopy in Stanislawczyk v 2 E. 61st St. Corp. (1 AD3d 155 [2003]), a case upon which the defendants heavily rely, was suspended from a ceiling and was not itself assembled or interconnected with any other object. While the items here and in Stanislawczyk may have been used for the same ultimate purpose, the items themselves were, in a structural sense, vastly different from one another, one being a simple one-piece object, and the other being a collection of attached pieces of wood, metal, and fabric.
Accordingly, we affirm the order insofar as appealed from.
Balkin, Leventhal and Chambers, JJ., concur.
*18 Ordered that the order is affirmed insofar as appealed from, with costs.

 The plaintiff testified that prior to the accident, before disassembly was complete, he had worked approximately 10 minutes on the disassembly.