■ HARRIRAM ROY KHARIE, Respondent, v SOUTH SHORE REC-
ORD MANAGEMENT, INC., Doing Business as SOUTH SHORE REC-
ORDS MANAGEMENT, et al., Appellants. [988 NYS2d 654]—

---

In an action to recover damages for personal injuries, the de-
fendants appeal from an order of the Supreme Court, Queens
County (Dufficy, J.), dated March 14, 2013, which granted the
plaintiff's motion for summary judgment on the issue of liability
on the cause of action alleging a violation of Labor Law § 240
(1).

Ordered that the order is affirmed, with costs.

On June 25, 2011, the plaintiff, an employee of nonparty
Workforce Logistics Corp., was injured when he fell ap-
proximately 12 feet from one of the shelves he was in the pro-
cess of dismantling at the defendants' warehouse. The shelving,
which was being dismantled and reassembled in a different por-
tion of the warehouse, was free-standing, and the shelves were
connected in a tongue-and-groove fashion, some of which
required the use of a hammer to separate the pieces. The
plaintiff was not provided with any safety equipment and, at
the time of the accident, was standing on the one of the shelves
in order to disassemble the higher levels of the shelving unit.

The plaintiff commenced this personal injury action, alleging,
inter alia, a violation of Labor Law § 240 (1). He moved for
summary judgment on the issue of liability on that cause of ac-
tion. The Supreme Court granted the motion. We affirm.

Labor Law § 240 (1) provides that: "All contractors and own-
ers and their agents . . . in the erection, *demolition*, repairing,
*altering*, painting, cleaning or pointing of a *building or structure*
shall furnish or erect, or cause to be furnished or erected for the
performance of such labor, scaffolding, hoists, stays, ladders,
slings, hangers, blocks, pulleys, braces, irons, ropes, and other
devices which shall be so constructed, placed and operated as to
give proper protection to a person so employed" (Labor Law
§ 240 [1] [emphasis added]). Labor Law § 240 (1) imposes on
owners a nondelegable duty to protect workers from elevation-
related risks at covered work sites (*see Ross v Curtis-Palmer
Hydro-Elec. Co.*, 81 NY2d 494 [1993]; *Lombardi v Stout*, 80
NY2d 290, 295 [1992]; *Rocovich v Consolidated Edison Co.*, 78
NY2d 509, 514 [1991]; *McCoy v Kirsch*, 99 AD3d 13 [2012]).
"Negligence, if any, of the injured worker is of no consequence"

(*Rocovich v Consolidated Edison Co.*, 78 NY2d at 513). In order for Labor Law § 240 (1) to apply, the worker must be working on a building or structure and must be performing a covered task, such as altering or demolishing.

The Court of Appeals has defined a structure as "any production or piece of work artificially built up or composed of parts joined together in some definite manner" (*Joblon v Solow*, 91 NY2d 457, 464 [1998] [internal quotation marks omitted]; *see Lewis-Moors v Contel of N.Y.*, 78 NY2d 942, 943 [1991]; *McCoy v Kirsch*, 99 AD3d 13 [2012]; *Pino v Robert Martin Co.*, 22 AD3d 549 [2005]; *Sinzieri v Expositions, Inc.*, 270 AD2d 332 [2000]).

Contrary to the defendants' contentions, the shelves at issue constituted a "structure" under Labor Law § 240 (1), as they were composed of component pieces (metal grates and cross bars) attached in a definite manner (*see Pino v Robert Martin Co.*, 22 AD3d at 552). Furthermore, at the time of the accident, the plaintiff was engaged in both alteration and demolition within the meaning of the statute. Demolition, for purposes of the statute, is defined under 12 NYCRR 23-1.4 (b) (16) (*see Medina v City of New York*, 87 AD3d 907, 908 [2011], citing 12 NYCRR 23-1.4 [b] [16]), and specifically includes "dismantling" (*see* 12 NYCRR 23-1.4 [b] [16] ["(t)he work incidental to . . . the total or partial *dismantling* . . . of a building or other structure" (emphasis added)]). Alteration is defined as "a *significant* physical change to the configuration or composition of the building or structure" (*Joblon v Solow*, 91 NY2d at 465). By dismantling the shelves at issue, the plaintiff was both altering and demolishing the shelves.

The plaintiff established his prima facie entitlement to judgment as a matter of law by presenting undisputed evidence that he fell from a height while working at the defendants' warehouse, that the defendants failed to provide him with safety equipment, and that this failure was a proximate cause of his injuries. In opposition, the defendants failed to raise a triable issue of fact.

Accordingly, the plaintiff's motion for summary judgment was properly granted. Mastro, J.P., Lott, Sgroi and Cohen, JJ., concur.