■ MARK PEREZ, Respondent, v BEACH CONCERTS, INC., et al., Defendants, and LIVE NATION WORLDWIDE, INC., et al., Appellants. (And a Third-Party Action.) [63 NYS3d 344]—

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered July 1, 2016, which, insofar as appealed from, granted plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240 (1) claim as against defendant Live Nation Worldwide, Inc. (Live Nation), unanimously affirmed, without costs.

The court properly granted plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim because Live Nation was the "owner" of the accident site in its role as licensee of Jones Beach Marine Theatre. The record demonstrates that as licensee, Live Nation had the sole authority to operate and maintain the premises, including the right to insist that workers on the site follow proper safety practices (*see Zaher v Shopwell, Inc.*, 18 AD3d 339, 339-340 [1st Dept 2005]; *Bart v Universal Pictures*, 277 AD2d 4, 5 [1st Dept 2000]; *Seferovic v Atlantic Real Estate Holdings, LLC*, 127 AD3d 1058, 1060 [2d Dept 2015]). The court did not err in considering the merger agreement showing that Live Nation was the licensee of the premises for the first time in reply, because plaintiff submitted that document in response to an argument made in opposition to the motion (*see Rodriguez v Weinstein Enters., Inc.*, 113 AD3d 483, 484 [1st Dept 2014]).

The court also properly found that plaintiff was engaged in the alteration of a structure at the time of the accident. When he fell, plaintiff was helping set up the second tier truss system of a sponsorship booth. This truss system constituted a "structure" because, viewed as a whole, it extended the height of the booth from 10 feet to 16 feet, was comprised of several interlocking parts that were connected in a specific way, and required the use of a forklift and several people to construct it (*see Lewis-Moors v Contel of N.Y.*, 78 NY2d 942, 943 [1991]; *McCoy v Kirsch*, 99 AD3d 13, 16-17 [2d Dept 2012]). Although this truss system was being set up to allow for the display of branding, it was not a " 'decorative modification' because the work . . . entail[ed] far more than a mere change[ ] [to] the outward appearance of" the booth and, instead, constituted an

alteration to the preexisting structure (*Saint v Syracuse Supply Co.*, 25 NY3d 117, 126 [2015] [internal quotation marks omitted]).

We have considered appellants' remaining contentions and find them unavailing. Concur—Tom, J.P., Manzanet-Daniels, Oing and Singh, JJ.