■ CHARLES T. MOORE, SR., Appellant, v MITCHELL SHULMAN et al., Respondents. [688 NYS2d 854] —Order unanimously reversed on the law without costs, motion denied, Labor Law § 240 (1) claim reinstated and cross motion granted. Memorandum: Plaintiff was hired to assist in converting five utility vans into cargo vans. The vans had been purchased by defendant Owl Surplus, Inc. (Owl Surplus) from Rochester Telephone. Some of the vans had a hydraulically-operated manlift, which consisted of a 600-pound pedestal bolted to the floor of the van and a boom that projected from the interior of the van up through a hole in the roof. Defendant Donald Clark, an employee of Owl Surplus, affixed a makeshift sling to the tine of a forklift and positioned it above the hole in the roof of the van. The sling was then attached to the pedestal inside the van, and plaintiff was directed to stand inside the van and guide the pedestal as it was raised up by the forklift through the hole in the roof. The sling failed as the pedestal was being raised, and plaintiff's foot was crushed. Supreme Court denied plaintiff's cross motion for partial summary judgment on the Labor Law § 240 (1) claim and granted defendants' motion for partial summary judgment dismissing that claim. That was error.

Contrary to the court's conclusion, plaintiff was engaged in a protected activity at the time of the accident. The van is a structure (*see, Gordon v Eastern Ry. Supply,* 181 AD2d 990, 991; *affd* 82 NY2d 555 [railroad car is a structure]; *see also, Smith v Shell Oil Co.,* 85 NY2d 1000 [sign is a structure]; *Lewis-Moors v Contel of N. Y.,* 78 NY2d 942, 943 [telephone pole is a structure]). The work need not be performed at a traditional construction site to fall within the protection of the statute (*see, Joblon v Solow,* 91 NY2d 457, 464).

Here, plaintiff was exposed to an elevation-related risk created by a heavy object being hoisted to a height above the level of plaintiff's worksite (*see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514). In our view, plaintiff "was faced with the special risks contemplated by [Labor Law § 240 (1)]" (*Smith v Benderson,* 225 AD2d 1073). (Appeal from Order of Supreme Court, Onondaga County, Tormey, III, J.—Summary Judgment.) Present—Green, J. P., Pine, Wisner, Pigott, Jr., and Callahan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD PETERS, Appellant. [689 NYS2d 595] —Motion for writ of error coram nobis held and decision reserved pending filing of defendant's *pro se* supplemental brief. Present—Pine, J. P., Lawton, Wisner and Pigott, Jr., JJ.