■ AGNES V. CORNACCHIONE, Individually and as Executrix of COSMO CORNACCHIONE, Deceased, Appellant, v CLARK CONCRETE CO., INC., et al., Respondents. (Appeal No. 1.) [722 NYS2d 930] —Appeal from order insofar as it concerned Labor Law § 240 (1) claim unanimously dismissed (*see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985) and order modified on the law and as modified affirmed with costs to plaintiff in accordance with the same Memorandum as in *Cornacchione v Clark Concrete Co.* (278 AD2d 400 [decided herewith]). (Appeal from Order of Supreme Court, Onondaga County, Major, J.— Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Balio and Lawton, JJ.

■ AGNES V. CORNACCHIONE, Individually and as Executrix of Cosmo Cornacchione, Deceased, Appellant, v CLARK CONCRETE CO., INC., et al., Respondents. (Appeal No. 2.) [723 NYS2d 572] —Order modified on the law and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: Supreme Court, *inter alia*, granted the motion of defendant Piscitell Stone & Supply Co., Inc. and Piscitell Stone & Supply Co., Inc., d/b/a Superior Pre Cast (Piscitell), for summary judgment dismissing, *inter alia*, the amended complaint against it. Upon reargument, the court granted in part the motion of Piscitell and the cross motion of defendant Clark Concrete Co., Inc. (Clark) and dismissed the Labor Law § 240 (1) claim against them. We conclude that the court erred in dismissing the Labor Law § 240 (1) and § 241 (6) claims.

Plaintiff raised no issue in her brief concerning the dismissal of the Labor Law § 200 and common-law negligence claims, and thus abandoned any issue concerning the dismissal of those claims (*see, Ciesinski v Town of Aurora*, 202 AD2d 984).

At the request of Piscitell, Clark employed plaintiff's decedent to paint the business name "Superior Pre Cast" on both sides of the boom of a crane owned by Piscitell. When it began to rain, the crane was moved inside a garage owned by Clark. Plaintiff's decedent was injured when the scaffolding plank on which he was standing inside the garage shifted and he fell, striking his head. The court erred in concluding that the crane was not a structure within the meaning of Labor Law § 240 (1). A structure includes " 'any production or piece of work artificially built up or composed of parts joined together in some definite manner' " (*Lewis-Moors v Contel of N. Y.*, 78 NY2d 942, 943; *see, Joblon v Solow*, 91 NY2d 457, 464). The crane fits squarely within that definition (*see, Gordon v Eastern Ry. Supply*, 181 AD2d 990, *affd* 82 NY2d 555 [railroad car]; *Moore v Shulman*, 259 AD2d 975, *lv dismissed* 93 NY2d 998 [utility van]).

The court also erred in concluding that Piscitell was not an owner within the meaning of section 240 (1). An owner " 'encompass[es] a person who has an interest in the property and who fulfilled the role of owner by contracting to have work performed for his benefit' " (*Reisch v Amadori Constr. Co.*, 273 AD2d 855, 856). It is undisputed that Piscitell owned the crane and contracted to have the painting work performed.

Finally, we conclude that the painting work being performed by plaintiff's decedent was an activity covered by Labor Law § 240 (1) and § 241 (6). "[T]here is no requirement or condition that [painting] be incidental to the other listed activities, such as construction, repair or alteration activity, to be covered" (*Chapman v International Bus. Machs.*, 253 AD2d 123, 127; *see also, Bustamante v Chase Manhattan Bank*, 241 AD2d 327). We therefore modify the order in appeal No. 1 by denying the motion of Piscitell in part and reinstating the Labor Law § 241 (6) claim against it. We modify the order in appeal No. 2 by denying that part of the motion of Piscitell and the cross motion of Clark for summary judgment dismissing the Labor Law § 240 (1) claim and reinstating that claim.

All concur except Lawton, J., who dissents in part and votes to affirm in the following Memorandum.

Lawton, J. (dissenting in part). I respectfully dissent in part because I share Supreme Court's concern that a holding of liability under Labor Law § 240 (1) in this case is unwarranted.

The majority relies on case law in support of its conclusion that the mobile crane is a "structure" and that defendant Piscitell Stone & Supply Co., Inc. and Piscitell Stone & Supply Co., Inc., d/b/a Superior Pre Cast, is an "owner" within the meaning of the Labor Law. Those holdings could equally apply to an instance where a vehicle owner brings the vehicle to a garage to be painted and a garage employee is injured in a fall from a step stool in the course of painting the vehicle. Neither in that scenario nor under the facts of this case is the worker faced with the special elevation risks contemplated by the statute (*see, Rodriguez v Tietz Ctr. for Nursing Care*, 84 NY2d 841, 843-844). (Appeal from Order of Supreme Court, Onondaga County, Major, J.—Reargument.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Balio and Lawton, JJ.