936

■ Gary Bieber, Respondent, v A & B Wholesale et al., Defendants, and National Fuel Gas Corporation, Appellant. [737 NYS2d 902] —Appeal from an order of Supreme Court, Chautauqua County (Gerace, J.), entered July 24, 2001, which denied the motion of defendant National Fuel Gas Corporation for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint against defendant National Fuel Gas Corporation is dismissed.

Memorandum: Plaintiff was struck by a vehicle while removing trees and brush for his employer at the request of National Fuel Gas Corporation (defendant). The work was intended to enable defendant's employees to access and traverse a right-of-way over which defendant transports gas by pipeline. Supreme Court erred in denying the motion of defendant seeking summary judgment dismissing the complaint, which as against defendant alleges a violation of Labor Law § 241 (6). The work performed by plaintiff at the time of his injury constituted " 'routine maintenance in a non-construction, non-renovation context' " (Burr v Short, 285 AD2d 576, 576; see, Havens v Witte, 214 AD2d 958, 959). He thus was not engaged in an activity protected under Labor Law § 241 (6) (see, Hammond v Alekna, 224 AD2d 1039; Warsaw v Eastern Rock Prods., 193 AD2d 1115; see also, Walton v Devi Corp., 215 AD2d 60, 63, lv denied 87 NY2d 809; Dumoulin v Oval Wood Dish Corp., 211 AD2d 883). Present—Hayes, J.P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.

■ The People of the State of New York, Plaintiff, v Alicia Carelock, Defendant. [738 NYS2d 907] —Motion for release of transcript denied. Memorandum: The motion for the release of the transcript must be denied. Defendant does not have an appeal pending before us, therefore, we do not have jurisdiction to grant the request for relief. Present—Pigott, Jr., P.J., Green, Hayes, Wisner and Burns, JJ.

■ In the Matter of Monroe County Department of Social Services, on Behalf of Brenda R., Petitioner, v Ronald D., Respondent. [738 NYS2d 906] —Motion for reargument denied. Memorandum: Upon entry of a support order, respondent can appeal as of right from the filiation order (see, Jane PP. v Paul QQ., 64 NY2d 14; Matter of Cheryl A.B. v Michael Anthony D., 197 AD2d 851) and at that time can post an undertaking or otherwise move for a stay of enforcement of the support order pending determination of the appeal. Present—Pine, J.P., Hayes, Wisner, Scudder and Lawton, JJ.