■ Thomas Hodges, Appellant, v Boland's Excavating and Topsoil, Inc., Defendant, and Conklin Crushed Stone and Gravel, LLC, Respondent. [807 NYS2d 421]—

Kane, J. Appeal from an order of the Supreme Court (Hester, Jr., J.), entered December 2, 2004 in Broome County, which, inter alia, granted a cross motion by defendant Conklin Crushed Stone and Gravel, LLC for summary judgment dismissing the complaint.

Defendant Conklin Crushed Stone and Gravel, LLC (hereinafter defendant) leased a site to plaintiff's employer, who sought to develop it as a gravel pit. Plaintiff's employer brought a power screen to the property. The power screen, which is used to screen gravel or make sand, operates by taking material dumped from a pay loader into the hopper end, sending it up a conveyor belt onto the screen, then shaking and vibrating the material to separate the different sizes of stone. Plaintiff and another employee moved the power screen to the proper spot, leveled it and put blocks underneath it to prevent shifting during operation. Later, upon the arrival of a chute that can be attached to the conveyor end of the power screen, plaintiff attempted to attach the chute by himself. He did this by raising the chute in a front-end loader and trying to attach its two connectors to the power screen. While he was standing with one foot in the loader's bucket and one foot on the chute, approximately 12 to 15 feet in the air, he fell and was injured.

After plaintiff commenced this action alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6), he moved for summary judgment on his Labor Law § 240 (1) cause of action. Defendant cross-moved for summary judgment dismissing the complaint. Supreme Court denied plaintiff's motion and granted defendant's cross motion. Plaintiff appeals, challenging the court's dismissal of his Labor Law § 240 (1) and § 241 (6) causes of action.

Regarding his Labor Law § 240 (1) cause of action, plaintiff contends that the power screen is a structure and that he was either erecting or altering it at the time of his accident. The statute requires owners and contractors to provide safety equipment for workers involved "in the erection, demolition, repairing, [or] altering . . . of a building or structure" (Labor Law

§ 240 [1]). Courts liberally construe the statute to effect its purpose of protecting workers (*see Gilbert v Albany Med. Ctr.*, 9 AD3d 643, 644 [2004]). The Court of Appeals has held that "the word 'structure' in its broadest sense includes any production or piece of work artificially built up or composed of parts joined together in some definite manner" (*Caddy v Interborough R.T. Co.*, 195 NY 415, 420 [1909]; *see Lewis-Moors v Contel of N.Y.*, 78 NY2d 942, 943 [1991]). Under this broad definition, it appears that the power screen qualifies as a structure (*cf. Lewis-Moors v Contel of N.Y., supra* at 943 [telephone pole with attached hardware and cables is a structure]; *Cun-En Lin v Holy Family Monuments*, 18 AD3d 800, 801 [2005] [crane is a structure]; *Cornacchione v Clark Concrete Co.*, 278 AD2d 800, 801 [2000] [crane is a structure]; *Sinzieri v Expositions, Inc.*, 270 AD2d 332, 333 [2000] [exhibit of windows at trade show constitutes a structure]; *Spears v State of New York*, 266 AD2d 898, 899 [1999] [dump truck may be a structure]; *Girty v Niagara Mohawk Power Corp.*, 262 AD2d 1012, 1013 [1999] [utility pole and cable lines are structures]; *Moore v Shulman*, 259 AD2d 975 [1999], *lv dismissed* 93 NY2d 998 [1999] [utility van is a structure]; *Loesch v Long Is. R.R. Co.*, 165 App Div 753, 754 [1915] [locomotive is a structure]; *Imling v Port Auth. of N.Y. & N.J.*, 184 Misc 2d 893, 894 [2000], *affd* 289 AD2d 104 [2001], *lv denied* 97 NY2d 613 [2002] [aircraft is a structure]; *but cf. Violette v Armonk Assoc., L.P.*, 808 F Supp 1060, 1062-1063 [1992] [bulldozer is not a structure]).

While the power screen is a structure, Labor Law § 240 (1) only protects plaintiff if he was altering or erecting it at the time of his accident. Under the statute, altering "requires making a *significant* physical change to the configuration or composition of the . . . structure" (*Joblon v Solow*, 91 NY2d 457, 465 [1998]; *see Panek v County of Albany*, 99 NY2d 452, 457-458 [2003]; *Goad v Southern Elec. Intl.*, 263 AD2d 654, 655 [1999]). Here, as the power screen could be used with or without the chute and the chute would be attached or removed as needed, plaintiff's attachment of the chute did not significantly alter the power screen.

Unlike with altering a structure, the Court of Appeals has not explicitly defined what is required in erecting a structure (*see e.g. Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 519 [1985] [assuming the plaintiff's work constituted erecting under the statute]). The dictionary defines the verb erect, in part, as "(1) to put up by the fitting together of materials or parts: build, (2) to fix in an upright position" (Webster's New Collegiate Dictionary 384 [1979 ed]; *see e.g. Zimmer v Chemung*

*County Performing Arts, supra* at 519 [describing the plaintiff's work of erecting steel skeleton of building]; *Sears v Niagara County Indus. Dev. Agency*, 258 AD2d 918, 918 [1999]; *Yaeger v New York Tel. Co.*, 148 AD2d 308, 309 [1989]). The power screen did not need to be built; it came assembled. Plaintiff and his coworker fixed the power screen in an upright position and placed blocks to stabilize it at an earlier time. Under the circumstances, as plaintiff was merely attaching an optional part at the time of his accident, plaintiff was not erecting the structure of the power screen at that time. Accordingly, Supreme Court correctly granted defendant's cross motion for summary judgment dismissing plaintiff's Labor Law § 240 (1) cause of action.

Plaintiff's Labor Law § 241 (6) claim was also properly dismissed because that statute is "expressly limited to the construction or demolition of buildings or excavation performed in connection with construction or demolition activities"; thus, the statute does not cover mining activities (*Whitaker v Norman*, 146 AD2d 938, 939 [1989], *affd* 75 NY2d 779 [1989]; *see Dorato v Forest City Enters., Inc.*, 12 AD3d 1119, 1120 [2004]; *Houde v Barton*, 202 AD2d 890, 895 [1994], *lv dismissed* 84 NY2d 977 [1994]).

Mercure, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.