[886 NE2d 155, 856 NYS2d 533]

EUGENIA SWIDERSKA, Appellant, v NEW YORK UNIVERSITY et al., Respondents.

Decided March 20, 2008

**APPEARANCES OF COUNSEL**

*Profeta & Eisenstein*, New York City (*Fred R. Profeta, Jr.,* of counsel), for appellant.

*Wade Clark Mulcahy*, New York City (*Dennis M. Wade* of counsel), for respondents.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be reversed, with costs, plaintiff's motion for partial summary judgment as to liability on her Labor Law § 240 (1) cause of action should be granted and defendants' cross motions for summary judgment should be denied.

As part of a commercial cleaning contract, plaintiff's employer instructed her to clean the 10-foot-high interior windows in a dormitory building, providing her with only a rag and window

washing solution to complete the task. When plaintiff asked for a ladder so that she could reach the tops of the windows, she was instructed to climb on furniture instead. While standing on a bed in an attempt to clean a window, plaintiff fell to the floor, suffering multiple fractures and other injuries. This Labor Law § 240 (1) action ensued.

The parties cross-moved for summary judgment on the issue of liability, with both lower courts granting judgment in favor of defendants on the theory that the activity in which plaintiff was engaged constituted routine maintenance not covered by Labor Law § 240 (1). We disagree and conclude that plaintiff was entitled to summary judgment on the issue of liability. In *Broggy v Rockefeller Group, Inc.* (8 NY3d 675 [2007]), we held that commercial window cleaning comparable to the activity at issue here is encompassed within Labor Law § 240 (1) if it created the type of elevation-related risk that the statute was intended to address. In this case, plaintiff established that she was injured while cleaning 10-foot-high windows in a college dormitory with a rag, which required her to climb upon pieces of furniture in order to complete her work—creating an elevation-related risk— and she was not provided a ladder, scaffold or other safety device of the kind contemplated under the statute.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order reversed, etc.