■ GUILLERMO PARRAGUIRRE, Appellant-Respondent , v 27TH ST. HOLDING, LLC, et al., Respondents-Appellants. [898 NYS2d 114]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered June 23, 2009, which, insofar as appealed from, as limited by the briefs, denied plaintiff's motion for summary judgment as to his Labor Law § 240 (1) claim, granted so much of defendants' motion for summary judgment as sought dismissal of said claim and denied defendants' motion as to plaintiff's Labor Law § 200 and common-law negligence claims, unanimously modified, on the law, to deny defendants' motion to dismiss plaintiff's section 240 (1) claim and grant plaintiff's motion for summary judgment on the section 240 (1) claim; grant defendants' motion to the extent of dismissing plaintiff's Labor Law § 200 and common-law negligence claims against de-

fendants 27th St. Holding, LLC and Principe-Danna, Inc., and otherwise affirmed, without costs.

Plaintiff, while transporting dust filters from a cement mixing plant's rooftop structure to a ground level garage where the filters were to be cleaned, fell to a lower level roof and sustained injuries. The motion court determined that plaintiff was engaged in routine maintenance, and thus not in a protected activity under Labor Law § 240 (1). However, it is necessary to ascertain whether the activity "created the type of elevation-related risk that the statute was intended to address" (*Swiderska v New York Univ.*, 10 NY3d 792, 793 [2008], citing *Broggy v Rockefeller Group, Inc.*, 8 NY3d 675, 680 [2007]). In removing the six foot long filters from an elevated structure and transporting them to ground level, plaintiff was engaging in activity that encompassed an ever present elevation-related risk that the safety devices enumerated in section 240 (1) were designed to protect against. Furthermore, the filter room was clearly a "structure" for the purposes of section 240 (1). The record is clear in that no safety devices of any kind were provided to plaintiff. Therefore, plaintiff should be granted summary judgment on the section 240 (1) claim.

There is no issue of fact on the question of whether plaintiff disregarded specific instructions to use the stairs to transport the steel filters from the building rather than throw them from the plant's rooftop, because defendant Fordham Road's president never stated that he told plaintiff not to use the roof in performing the filter removal. Thus, Fordham Road is not entitled to summary judgment on plaintiff's Labor Law § 200 and common-law negligence claims. Nevertheless, those claims should have been dismissed as against property owners 27th St. Holding, LLC and Principe-Danna, Inc., since they demonstrated that they had no authority to control the activity bringing about the injury or actual or constructive notice of the allegedly unsafe condition that caused the accident (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Mitchell v New York Univ.*, 12 AD3d 200 [2004]).

Finally, the court properly determined that the record does not demonstrate, as a matter of law, that plaintiff was Fordham Road's special employee so as to bar his claims under the Workers' Compensation Law (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 [1991]). Concur—Saxe, J.P., Catterson, Moskowitz, Freedman and Román, JJ.