[964 NE2d 402, 941 NYS2d 31]

MICHAEL DAHAR, Appellant, v HOLLAND LADDER & MANUFACTUR-
ING COMPANY et al., Defendants, BECHTEL NATIONAL, INC.,
et al., Respondents. BECHTEL CORPORATION et al., Third-
Party Plaintiffs, v WEST METAL WORKS, INC., Third-Party
Defendant.

Argued January 10, 2012; decided February 21, 2012

**POINTS OF COUNSEL**

*Lipsitz Green Scime Cambria LLP*, Buffalo (*John A. Collins* of counsel), for appellant. Plaintiff's injuries were proximately caused by the Martins' and Bechtel's violation of Labor Law § 240 (1). (*Caddy v Interborough R.T. Co.*, 195 NY 415; *Lewis-Moors v Contel of N.Y.*, 78 NY2d 942; *Gordon v Eastern Ry. Supply*, 181 AD2d 990, 82 NY2d 555; *Sinzieri v Expositions, Inc.*, 270 AD2d 332; *Loesch v Long Is. R.R. Co.*, 165 App Div 753; *Broggy v Rockefeller Group, Inc.*, 8 NY3d 675; *Swiderska v New York Univ.*, 10 NY3d 792; *Haimes v New York Tel. Co.*, 46 NY2d 132; *Cannon v Putnam*, 76 NY2d 644; *Wicks v Trigen-Syracuse Energy Corp.*, 64 AD3d 75.)

*Landman Corsi Ballaine & Ford P.C.*, New York City (*William G. Ballaine, James M. Woolsey, III*, and *William Miller* of counsel), for Bechtel National, Inc., respondent. I. Bechtel National, Inc. is not an "owner" subject to strict liability under Labor Law § 240 (1). (*Scaparo v Village of Ilion*, 13 NY3d 864; *Sanatass v Consolidated Inv. Co., Inc.*, 10 NY3d 333; *Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46; *Celestine v City of New York*, 86 AD2d 592, 59 NY2d 938; *Ferluckaj v Goldman Sachs & Co.*, 12 NY3d 316; *Lombardi v Stout*, 80 NY2d 290; *Gordon v Eastern Ry. Supply*, 181 AD2d 990, 82 NY2d 555; *Greenough v Niagara Mohawk Power Corp.*, 13 AD3d 1160; *DeFreece v Penny Bag*, 137 AD2d 744; *Copertino v Ward*, 100 AD2d 565.) II. Bechtel National, Inc. is not a "contractor" subject to strict liability under Labor Law § 240 (1). (*Russin v Louis N. Picciano & Son*, 54 NY2d 311; *Walls v Turner Constr. Co.*, 4 NY3d 861; *Kilmetis v Creative Pool & Spa, Inc.*, 74 AD3d 1289; *Rauls v DirecTV, Inc.*, 60 AD3d 1337; *Feltt v Owens*, 247 AD2d 689; *Bjelicic v Lynned Realty Corp.*, 152 AD2d 151; *Johnson v Ebidenergy, Inc.*, 60 AD3d 1419.) III. Plaintiff was not engaged in an activity protected by Labor Law § 240 (1). (*Broggy v Rockefeller Group,*

*Inc.*, 8 NY3d 675; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280; *Martinez v City of New York*, 93 NY2d 322; *Connors v Boorstein*, 4 NY2d 172; *Brown v Christopher St. Owners Corp.*, 87 NY2d 938; *B & F Bldg. Corp. v Liebig*, 76 NY2d 689; *Huston v Dobson*, 138 App Div 810; *Maleeny v Standard Shipbuilding Corp.*, 237 NY 250; *Stuart v Costello*, 204 App Div 574; *Komar v Dun & Bradstreet Co., Inc.*, 284 App Div 538.)

*Hodgson Russ LLP*, Buffalo (*Julia M. Hilliker* of counsel), for Warner G. Martin and another, respondents. I. Plaintiff's work is part of the normal manufacturing process and is not the type of cleaning work protected by Labor Law § 240 (1). (*Foster v Joseph Co.*, 216 AD2d 944; *Solly v Tam Ceramics*, 258 AD2d 914; *Jock v Fien*, 176 AD2d 6, 80 NY2d 965; *Davis v Wind-Sun Constr., Inc.*, 70 AD3d 1383; *People v Cross & Brown Co.*, 232 App Div 587; *Broggy v Rockefeller Group, Inc.*, 8 NY3d 675; *Wicks v Trigen-Syracuse Energy Corp.*, 64 AD3d 75; *Hutchins v Finch, Pruyn & Co.*, 267 AD2d 809; *Sinzieri v Expositions, Inc.*, 270 AD2d 332; *Gordon v Eastern Ry. Supply*, 181 AD2d 990.)

## OPINION OF THE COURT

SMITH, J.

Plaintiff was injured when he fell from a ladder in a factory while cleaning a product manufactured by his employer. We hold that his activity was not protected by Labor Law § 240 (1).

## I

The product in question was a steel "wall module" made by third-party defendant West Metal Works, Inc. at its plant in Cheektowaga, New York. The module was at least seven feet high: West's customer, defendant Bechtel National, Inc., was purchasing it for installation in a nuclear waste treatment plant in Richland, Washington. At the Richland plant, the module was to be attached to a building wall, where it would provide support for pipes.

After the module was fabricated, it had to be cleaned before it was shipped to Washington. Plaintiff, a West employee, was engaged in that task, standing on a ladder provided by West, when, according to plaintiff, the ladder broke and he fell to the ground.

Plaintiff sued several defendants on a number of theories. Now before us is his claim under Labor Law § 240 (1) against Bechtel, the purchaser of the wall module, and defendants Warner Martin and Shirley Martin, West's landlords. Supreme

Court granted summary judgment dismissing this claim, and the Appellate Division affirmed, with two Justices dissenting (*Dahar v Holland Ladder & Mfg. Co.*, 79 AD3d 1631 [4th Dept 2010]). Plaintiff appeals as of right, pursuant to CPLR 5601 (a), and we now affirm.

## II

Labor Law § 240 (1) says, in relevant part:

> "All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, *cleaning* or pointing of a building or *structure* shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." (Emphasis added.)

Plaintiff claims that he was engaged in "cleaning" the wall module, which was a "structure"; that the ladder given him failed to provide "proper protection"; and that Bechtel and the Martins are subject to the liability imposed on "contractors and owners" because, according to plaintiff, Bechtel was both a contractor and an owner of the wall module, while the Martins were the owners of the factory in which the accident happened. Bechtel and the Martins assert that they were not "contractors" or "owners," but we do not reach that issue because we hold that plaintiff was not engaged in an activity the statute protects.

Labor Law § 240 (1), one of the most frequent sources of litigation in the New York courts, provides rights to certain workers going well beyond the common law. As we have long held, it imposes liability even on contractors and owners who had nothing to do with the plaintiff's accident; and where a violation of the statute has caused injury, any fault by the plaintiff contributing to that injury is irrelevant (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]; *Haimes v New York Tel. Co.*, 46 NY2d 132, 136 [1978]; *Bland v Manocherian*, 66 NY2d 452, 461 [1985]). The Legislature, however, afforded this protection only to workers "employed" in the "erection, demolition, repairing, altering, painting, cleaning or

pointing of a building or structure" (*see Joblon v Solow*, 91 NY2d 457 [1998]; *Munoz v DJZ Realty, LLC*, 5 NY3d 747 [2005]).

Plaintiff's argument that he is within the statute's coverage is a simple one. He says that he was obviously "cleaning," and that the wall module was a "structure" under the broad definition we have given to the term: "any production or piece of work artificially built up or composed of parts joined together in some definite manner" (*Caddy v Interborough R.T. Co.*, 195 NY 415, 420 [1909]; *see also Lewis-Moors v Contel of N.Y.*, 78 NY2d 942, 943 [1991]; *Joblon*, 91 NY2d at 464). The argument is too simple, and would lead to an expansion of section 240 (1) liability that our cases do not support and that we are convinced the Legislature never intended.

It is apparent from the text of Labor Law § 240 (1), and its history confirms, that its central concern is the dangers that beset workers in the construction industry. The first version of the statute was enacted in 1885, in response "to widespread accounts of deaths and injuries in the construction trades" (*Blake*, 1 NY3d at 285). More recent legislative history explains that the purpose of the statute is to place "ultimate responsibility for safety practices at building construction jobs where such responsibility . . . belongs" (Mem of Senator Calandra and Assemblyman Amann, 1969 NY Legis Ann, at 407). The statute today is found in article 10 of the Labor Law, entitled "Building Construction, Demolition and Repair Work."

It is true that we have rejected the idea that Labor Law § 240 (1) applies only to work performed on construction sites (*Joblon*, 91 NY2d at 464). More specifically, in interpreting the term "cleaning," we have held that it is not limited to cleaning that was "part of a construction, demolition, or repair project" (*Broggy v Rockefeller Group, Inc.*, 8 NY3d 675, 680 [2007]). We have never, however, gone as far as plaintiff here asks us to go—to extend the statute to reach a factory employee engaged in cleaning a manufactured product.

On the contrary, it seems that every case we have decided involving "cleaning" as used in Labor Law § 240 (1), with a single exception, has involved cleaning the windows of a building (*Ferluckaj v Goldman Sachs & Co.*, 12 NY3d 316 [2009]; *Swiderska v New York Univ.*, 10 NY3d 792 [2008]; *Broggy v Rockefeller Group, Inc.*, 8 NY3d 675 [2007]; *Bauer v Female Academy of Sacred Heart*, 97 NY2d 445 [2002]; *Brown v*

*Christopher St. Owners Corp.*, 87 NY2d 938 [1996]; *Connors v Boorstein*, 4 NY2d 172 [1958]; *Koenig v Patrick Constr. Corp.*, 298 NY 313 [1948]). The exception, *Gordon v Eastern Ry. Supply* (82 NY2d 555 [1993]), involved the cleaning of a railroad car. And even in window-cleaning cases, we have not extended the statute's coverage to every activity that might fit within its literal terms. We held in *Connors* and *Brown*, and reaffirmed in *Broggy*, that routine household window washing is not covered.

Though the volume of section 240 (1) litigation is vast, we have found not a single case, in our Court or in the Appellate Division, in which a worker recovered under Labor Law § 240 (1) for an injury suffered while cleaning a product in the course of a manufacturing process. Such injuries can hardly be uncommon; we infer that it has been generally—and correctly—understood that the statute does not apply to them.

Indeed, the logic of plaintiff's argument here would expand the protections of Labor Law § 240 (1) even beyond manufacturing activities; the statute would encompass virtually every "cleaning" of any "structure" in the broadest sense of that term. Every bookstore employee who climbs a ladder to dust off a bookshelf; every maintenance worker who climbs to a height to clean a light fixture—these and many others would become potential Labor Law § 240 (1) plaintiffs. We decline to extend the statute so far beyond the purposes it was designed to serve.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur.

Order affirmed, with costs.