■ TRACY DOMASZOWEC, Respondent-Appellant, v RESIDENTIAL MANAGEMENT GROUP LLC, Doing Business as DOUGLAS ELLIMAN PROPERTY MANAGEMENT et al., Appellants-Respondents, and PANORAMA WINDOWS, LTD., et al., Respondent-Appellant, and VERONICA BULGARI et al., Respondents. [23 NYS3d 225]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered December 23, 2013, which, insofar as appealed from, denied defendants Residential Management Group doing business as Douglas Elliman Property Management and 40 Fifth Avenue Corporation's (collectively, 40 Fifth defendants) motion for summary judgment dismissing the common-law negligence and Labor Law § 202 claims as against them, denied plaintiff's motion for partial summary judgment on her Labor Law § 240 (1) claim as against 40 Fifth defendants, her Labor Law § 202 claim as against 40 Fifth Avenue defendants and defendants Bulgari and Haimo, and her negligence claims as against defendants Panorama Windows, Ltd., T&L Contracting of N.Y., Inc., and Greenpoint Woodworking Inc., granted T&L's and Greenpoint's motions for summary judgment dismissing the negligence claims as against them, denied the part of Panorama's motion for summary judgment that sought to dismiss the common-law negligence claims as against it and granted the part of the motion that sought to dismiss the punitive damages claim as against it, unanimously modified, on the law, to grant plaintiff's motion for partial summary judgment on her Labor Law § 240 (1) claim as against 40 Fifth defendants, and otherwise affirmed, without costs. Appeal by 40 Fifth defendants from so much of the order as granted Bulgari and Haimo's motion for summary judgment dismissing the Labor Law § 202 claim as against them, unanimously dismissed, without costs, as taken by a nonaggrieved party.

The record demonstrates that plaintiff, whose decedent fell to his death while cleaning a window on the 13th floor of an apartment building, is entitled to summary judgment on her Labor Law § 240 (1) claim as against 40 Fifth defendants, the owner and manager of the building. The decedent was hired by

two shareholders of the residential cooperative, and had a long-standing arrangement with the building to clean its windows. Thus, contrary to the motion court's finding, he was engaged in "commercial window washing," involving "heightened elevation-related risks," as opposed to "routine, household window washing" (*Soto v J. Crew Inc.*, 21 NY3d 562, 568 [2013] [internal quotation marks omitted]; *see Swiderska v New York Univ.*, 10 NY3d 792 [2008]).

Since we are granting partial summary judgment on the Labor Law § 240 (1) claim as against 40 Fifth defendants, we do not reach the Labor Law § 202 claim or the common-law negligence claims as against them (*see Auriemma v Biltmore Theatre, LLC*, 82 AD3d 1, 12 [1st Dept 2011]).

The court correctly dismissed the Labor Law § 202 claim as against Bulgari and Haimo, the proprietary tenants, since it is undisputed that they did not have exclusive control of the subject window (*see Schneier v Owen Realty Co.*, 271 App Div 983 [2d Dept 1947]; *see also Durham v Metropolitan Elec. Protective Assn.*, 18 NY2d 433, 437 [1966]).

The court correctly denied both plaintiff's motion for partial summary judgment on her common-law negligence claims as against Panorama and Panorama's motion for summary judgment dismissing those claims, in light of conflicting evidence as to whether Panorama cut the bolts of the anchor attached to the building, to which the decedent apparently attempted to attach his safety belt. Plaintiff's expert professional engineer concluded, based on multiple site inspections, that saw marks in the window frame must have been created by a certain type of reciprocating saw used by Panorama and not by the other two contractors working on the project, and this opinion was corroborated by experts of 40 Fifth defendants and T&L who found the marks consistent with that type of saw. However, Panorama's crew leader denied that any of the Panorama workers cut the bolts. Although the evidence establishes that cutting the bolts on the subject window would have been unnecessary, it cannot be assumed as a matter of law that the Panorama workers did not do so, since they were instructed to cut bolts on nine other windows in this project as well as any bolts that were in their way. The court properly considered plaintiff's expert affidavits, notwithstanding plaintiff's allegedly untimely disclosure of the experts (*see Lebron v SML Veteran Leather, LLC*, 109 AD3d 431, 436 n 3 [1st Dept 2013], *affd* 22 NY3d 1119 [2014]; CPLR 3101 [d] [1]).

The court correctly dismissed the common-law negligence claims as against T&L and Greenpoint, since plaintiff failed to

establish the applicability of any exception to the rule that "a contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party," here, the decedent (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]).

The court correctly denied plaintiff's motion for partial summary judgment on her negligence claims as against Panorama, T&L, and Greenpoint pursuant to the doctrine of res ipsa loquitur. The doctrine, which allows a jury to infer negligence from circumstantial evidence, is inapplicable to T&L and Greenpoint because the court correctly dismissed the negligence claim as against them (*see Morejon v Rais Constr. Co.*, 7 NY3d 203 [2006]), and issues of fact as to the decedent's comparative negligence preclude summary judgment as against Panorama (*see id.* at 209).

Plaintiff's objection to the court's dismissal of her claim for punitive damages against Panorama is stated only conclusorily in her main brief, and we do not consider the arguments she raises on this issue for the first time in her reply brief. Concur—Tom, J.P., Friedman, Saxe and Kapnick, JJ.