Lopez v 6071 Enters., LLC (2018 NY Slip Op 01372)





Lopez v 6071 Enters., LLC


2018 NY Slip Op 01372


Decided on March 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 1, 2018

525194

[*1]JOHN LOPEZ, Appellant,
v
6071 ENTERPRISES, LLC, Respondent.

Calendar Date: January 16, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Rumsey, JJ.


Hancock & Estabrook, LLP, Syracuse (Alan J. Pierce of counsel), for appellant.
Law Offices of Theresa J. Puleo, Syracuse (Michelle M. Davoli of counsel), for respondent.


Clark, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Dowd, J.), entered March 24, 2017 in Chenango County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.
Plaintiff, a truck driver, was employed by Otsego Auto Crushers, LLC (hereinafter OAC) — a company that crushes automobiles and processes the scrap metal for resale. On December 14, 2011, while assisting his coworker load crushed cars and scrap metal into an open trailer, plaintiff was accidently thrown into the air and he struck his head, resulting in a serious work-related injury. Plaintiff commenced this action against defendant, the owner of the property where the accident occurred, to recover for the injuries he sustained. After issue
was joined as to plaintiff's Labor Law §§ 200 and 240 (1) and common-law negligence claims, and depositions were conducted, defendant moved for summary judgment dismissing the complaint. Thereafter, plaintiff cross-moved for partial summary judgment on liability. Defendant opposed plaintiff's cross motion. Having determined that plaintiff's activities did not come within the intended scope of Labor Law § 240 (1) and that defendant breached no duty to plaintiff that could support a finding of common-law negligence or warrant the imposition of liability pursuant to Labor Law § 200, Supreme Court denied plaintiff's cross motion and granted defendant's motion for summary judgment dismissing the complaint. Plaintiff now appeals.
We affirm. We begin with plaintiff's Labor Law § 240 (1) claim, where we must first determine whether the open trailer is a structure and, if so, whether plaintiff was engaged in a protected activity — that is, whether he was altering or erecting the purported structure at the time [*2]of the accident. Labor Law § 240 requires contractors, owners and their agents to provide safety equipment for workers subjected to elevation-related risks in the course of "the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Labor Law § 240 [1]; see Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 96 [2015]; Toefer v Long Is. R.R., 4 NY3d 399, 406 [2005]; Mohamed v City of Watervliet, 106 AD3d 1244, 1245 [2013]; LaFontaine v Albany Mgt., 257 AD2d 319, 320 [1999], lv denied 94 NY2d 751 [1999]). The Court of Appeals has held that a "structure" is defined in the broadest sense as "any production or piece of work artificially built up or composed of parts joined together in some definite manner" (Lewis-Moors v Contel of N.Y., 78 NY2d 942, 943 [1991] [internal quotation marks and citation omitted]; see Hodges v Boland's Excavating & Topsoil, Inc., 24 AD3d 1089, 1091 [2005], lv denied 6 NY3d 710 [2006]; Cun-En Lin v Holy Family Monuments, 18 AD3d 800, 801 [2005]). As relevant here, "Labor Law § 240 (1) only protects plaintiff if he was altering or erecting [the structure] at the time of his accident. Under the statute, altering 'requires making a significant physical change to the configuration or composition of the . . . structure'" (Hodges v Boland's Excavating & Topsoil, Inc., 24 AD3d at 1091, quoting Joblon v Solow, 91 NY2d 457, 465 [1998]; see Panek v County of Albany, 99 NY2d 452, 457-458 [2003]; Len v State of New York, 74 AD3d 1597, 1601-1602 [2010], lv dismissed and denied 15 NY3d 912 [2010]; Adair v Bestek Light. & Staging Corp., 298 AD2d 153, 153 [2002]), and "'does not encompass simple, routine activities such as maintenance and decorative modifications'" (Sanatass v Consolidated Inv. Co., Inc., 10 NY3d 333, 337 [2008], quoting Panek v County of Albany, 99 NY2d at 458). Similarly, we have previously held that "erecting" under the statute requires a building process evidenced by the laborer's "'fitting together of materials or parts'" or "'fix[ing of a structure] in an upright position'" (Hodges v Boland's Excavating & Topsoil, Inc., 24 AD3d at 1091, quoting Webster's New Collegiate Dictionary 384 [1979 ed]; see Allen v City of New York, 89 AD3d 406, 406 [2011]).
Here, even if we were to agree with plaintiff that the open trailer was a structure as that term is used in Labor Law § 240 (1), the record provides us with no basis to conclude that the activity in which plaintiff was engaged was a protected activity or, as relevant here, that plaintiff was altering or erecting a structure. The deposition testimony reflects that, at the time of the accident, plaintiff was assisting his coworker, a Caterpillar heavy equipment operator, who was attempting to load the open trailer with crushed cars and scrap metal. To perform this task, plaintiff was standing on top of an approximately 13-foot pile of crushed cars inside of the open trailer whereupon he directed his coworker to place the scrap metal in the trailer. When the coworker struck the pile of cars on which plaintiff had been standing with the heavy equipment's claw, plaintiff was launched into the air and hit his head. Notwithstanding plaintiff's elevated positioning atop the crushed cars inside of the open trailer, the record, including plaintiff's deposition testimony, does not evidence that, at the time of the accident, plaintiff was assisting with altering or erecting the open trailer. While that open trailer was being filled with debris in the form of scrap metal, plaintiff was not making any physical change to the trailer itself (see LaFontaine v Albany Mgt., 257 AD2d at 321; cf. Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 338 [2011]). Similarly, there are no facts in the record before us to demonstrate that plaintiff was erecting the open trailer in a building process evidenced by fitting together materials or parts or by fixing the open trailer in an upright position (see Allen v City of New York, 89 AD3d at 406; Hodges v Boland's Excavating & Topsoil, Inc., 24 AD3d at 1091). Accordingly, we find that Supreme Court properly granted defendant's motion for summary judgment dismissing plaintiff's Labor Law § 240 (1) claim.
We further find that defendant has made a prima facie showing of entitlement to summary judgment as a matter of law as to the Labor Law § 200 and common-law negligence claims, that plaintiff failed to raise a triable issue of fact as to these claims and that, therefore, [*3]they were properly dismissed. "Labor Law § 200 codifies the common-law duty of an owner or employer to provide employees with a safe place to work. Liability, however, will only be imposed upon a showing that the party charged with the duty to provide a safe work place had the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition" (Mitchell v T. McElligott, Inc., 152 AD3d 928, 929-930 [2017] [internal quotation marks and citations omitted]; see Hall v Queensbury Union Free Sch. Dist., 147 AD3d 1249, 1250 [2017]). "When an alleged defect or dangerous condition arises from [a] contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under Labor Law § 200" (Peck v Szwarcberg, 122 AD3d 1216, 1220 [2014] [internal quotation marks and citations omitted]). Although defendant leased to OAC the property on which the accident occurred, the record establishes that defendant did not exercise supervision or control over the "manner or method of plaintiff's work" (Foster v Joseph Co., 216 AD2d 944, 945 [1995]) or "the particular operation that led to [his] injury" (Demeza v American Tel. & Tel. Co., 255 AD2d 743, 745 [1998]; see Ortega v Puccia, 57 AD3d 54, 62-63 [2008]; Natale v City of New York, 33 AD3d 772, 773 [2006]; Perri v Gilbert Johnson Enters., Ltd., 14 AD3d 681, 683 [2005]). Moreover, to the extent that plaintiff seeks to hold defendant liable because its two owners are also partial co-owners of OAC and he alleges that they were therefore alter egos of one another, the record establishes that OAC and defendant were separate entities formed for distinct purposes and that their finances and assets were not commingled (see Lee v Arnan Dev. Corp., 77 AD3d 1261, 1262 [2010]; Longshore v Davis Sys. of Capital Dist., 304 AD2d 964, 965 [2003]). Accordingly, Supreme Court properly dismissed the Labor Law § 200 and common-law negligence claims.
McCarthy, J.P., Lynch, Devine and Rumsey, JJ., concur.
ORDERED that the order is affirmed, with costs.