Ixcoy v Pavlou (2020 NY Slip Op 07498)





Ixcoy v Pavlou


2020 NY Slip Op 07498


Decided on December 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 15, 2020

Before: Renwick, J.P., Gische, González, Scarpulla, Mendez, JJ. 


Index No. 302679/15 Appeal No. 12632 Case No. 2019-04176 

[*1]Romeo Sontay Ixcoy, Plaintiff-Respondent,
v
Christine Pavlou as Trustee of the Christine Pavlou Trust Dated Sept. 13, 2006, et al., Defendants-Appellants.


The Law Office of Aaron M. Schlossberg, P.L.L.C., New York (Aaron Schlossberg of counsel), for Christine Pavlou, appellant.
Jacobson & Schwartz, LLP, Jericho (Henry J. Cernitz of counsel), for Dafni Grocery Inc., and Dafni Grocery Inc., doing business as Swan Deli, appellants.
Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for respondent.



Order, Supreme Court, Bronx County (Norma Ruiz, J.) entered on or about September 9, 2019, which granted plaintiff's motion for partial summary judgment on the issue of liability on the Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff was injured when, while cleaning an exterior exhaust fan on the unsecured, angled roof of a commercial premises, without any safety device, he slipped on ice which had formed on the rooftop, and fell approximately 12 feet to the ground. The work plaintiff and his coworker were engaged in required the use of a rope, pressure hose, pistol gun and chemicals, and prior to the accident plaintiff had received training as to the proper cleaning procedure.
The motion court properly granted plaintiff's motion. Plaintiff's work constituted "cleaning" within the meaning of Labor Law § 240(1) (see Domaszowec v Residential Mgt. Group LLC, 135 AD3d 572 [1st Dept 2012]; cf. Soto v J. Crew Inc., 21 NY3d 562, 568-569 [2013]), and there is no dispute that plaintiff was not supplied any safety devices while working at an elevation, which was a proximate cause of his injuries (see Reyes vBruckner Plaza Shopping Ctr. LLC, 173 AD3d 570 [1st Dept 2019]; Parraguirre v 27th St. Holding, LLC, 71 AD3d 594, 595 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2020