Stoneham v Joseph Barsuk, Inc. (2022 NY Slip Op 06583)

Stoneham v Joseph Barsuk, Inc.

2022 NY Slip Op 06583

Decided on November 18, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, WINSLOW, AND BANNISTER, JJ.

670 CA 21-01542

[*1]MARK A. STONEHAM AND BONNIE STONEHAM, PLAINTIFFS-APPELLANTS,
v
JOSEPH BARSUK, INC., ET AL., DEFENDANTS, AND DAVID J. BARSUK, DEFENDANT-RESPONDENT. 

LIPSITZ, PONTERIO & COMERFORD, LLC, BUFFALO (JOHN N. LIPSITZ OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
GOLDBERG SEGALLA LLP, BUFFALO (JAMES M. SPECYAL OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Chautauqua County (Lynn W. Keane, J.), entered October 12, 2021. The order denied plaintiffs' motion for partial summary judgment and granted the cross motions of defendant David J. Barsuk for summary judgment dismissing the Labor Law § 240 (1) cause of action against him. 
It is hereby ORDERED that the order so appealed from is affirmed without costs.
Memorandum: Plaintiffs commenced this common-law negligence and Labor Law action to recover damages for injuries sustained by Mark A. Stoneham (plaintiff) while he was working on a flatbed trailer owned by defendant-respondent (defendant). At the time of the accident, plaintiff had utilized a front-end loader to lift the flatbed trailer and was replacing a leaking air tank on the trailer's brake system. The front-end loader lifting the flatbed trailer rolled backward, dropping the trailer on top of plaintiff. Plaintiffs moved for summary judgment on the issue of defendant's liability under Labor Law § 240 (1), and defendant filed cross motions for summary judgment dismissing the third cause of action, alleging the violation of Labor Law § 240 (1), against him. Plaintiffs now appeal from an order that denied their motion and granted defendant's cross motions.
We affirm. We agree with Supreme Court that plaintiff was not engaged in a protected activity within the meaning of Labor Law § 240 (1) at the time of the accident. Plaintiffs contend that plaintiff was engaged in a protected activity because, first, the replacement of the air tank constituted a repair, an enumerated activity within the meaning of the statute. Second, they contend that the flatbed trailer itself is a "production or piece of work artificially built up or composed of parts joined together in some definite manner" and, therefore, it is a "structure" within the meaning of Labor Law § 240 (1) (Caddy v Interborough R.T. Co., 195 NY 415, 420 [1909]). Even assuming, arguendo, that the replacement of the air tank is appropriately considered a repair, we conclude that the narrow view of the statutory elements proffered by plaintiffs is "too simple, and [accepting it] would lead to an expansion of section 240 (1) liability that [prior Labor Law] cases do not support and that . . . the Legislature never intended" (Dahar v Holland Ladder & Mfg. Co., 18 NY3d 521, 525 [2012]). The holding in Dahar, as well as the Court of Appeals' more recent decision in Preston v APCH, Inc. (34 NY3d 1136, 1137 [2020], affg 175 AD3d 850 [4th Dept 2019]), instruct that individual statutory terms such as "repairing" or "structure" cannot be considered in isolation. Instead, any activity must be considered in light of the text of Labor Law § 240 (1) as a whole and the statute's "central concern[, which] is the dangers that beset workers in the construction industry" (Dahar, 18 NY3d at 525).
Here, plaintiff, a certified diesel technician, was injured while installing an air tank on a flatbed trailer on the premises of a recycling plant. Inasmuch as plaintiff was "engaged in his [*2]'normal occupation' of repairing [vehicles] . . . , a task not a part of any construction project or any renovation or alteration to the [recycling plant] itself," he was not engaged in a protected activity within Labor Law § 240 (1) at the time of the accident (Warsaw v Eastern Rock Prods., 193 AD2d 1115, 1115 [4th Dept 1993]; see Foster v Joseph Co., 216 AD2d 944, 944-945 [4th Dept 1995]). Indeed, it would be inconsistent with the purpose of the statute to conclude that the vehicle repair work at issue here is entitled to the protections of Labor Law § 240 (1) when the activities associated with construction projects in Dahar and Preston were not (see Dahar, 18 NY3d at 523; Preston, 175 AD3d at 851). In light of our determination, plaintiffs' remaining contentions are academic.
All concur except Winslow and Bannister, JJ., who dissent and vote to modify in accordance with the following memorandum: We respectfully dissent and would modify the order by denying the cross motions of defendant-respondent (defendant) and reinstating the third cause of action against him. The majority concludes that the repair of the flatbed trailer by Mark A. Stoneham (plaintiff) is not an activity falling within the protections of Labor Law § 240 (1) as a matter of law. We disagree.
"Labor Law § 240 (1) provides special protection to those engaged in the 'erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure' " (Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 880 [2003]). "Over a century ago, the Court of Appeals made clear that the meaning of the word 'structure,' as used in the Labor Law, is not limited to houses or buildings . . . The Court stated, in pertinent part, that 'the word "structure" in its broadest sense includes any production or piece of work artificially built up or composed of parts joined together in some definite manner' " (McCoy v Abigail Kirsch at Tappan Hill, Inc., 99 AD3d 13, 15-16 [2d Dept 2012], quoting Caddy v Interborough R.T. Co., 195 NY 415, 420 [1909]; see Lewis-Moors v Contel of N.Y., 78 NY2d 942, 943 [1991]; Cornacchione v Clark Concrete Co. [appeal No. 2], 278 AD2d 800, 801 [4th Dept 2000]). In Cornacchione, we held that it was error to dismiss a Labor Law § 240 (1) claim because the crane upon which the plaintiff's decedent was working fit "squarely within" the definition of a "structure" as set forth by the Court of Appeals (278 AD2d at 801; see Lewis-Moors, 78 NY2d at 943). We have also held that a plaintiff engaged in the conversion of a utility van into a cargo van "was engaged in a protected activity at the time of the accident" and that the van was "a structure" (Moore v Shulman, 259 AD2d 975, 975 [4th Dept 1999], lv dismissed 93 NY2d 998 [1999]). "Indeed, courts have applied the term 'structure' to several diverse items such as a utility pole with attached hardware and cables . . . , a ticket booth at a convention center . . . , a substantial free-standing Shell gasoline sign . . . , a shanty located within an industrial basement used for storing tools . . . , a power screen being assembled at a gravel pit . . . , a pumping station . . . , and a window exhibit at a home improvement show" (McCoy, 99 AD3d at 16). Here, the flatbed trailer upon which plaintiff was working also fits "squarely within" the definition of a "structure" (Cornacchione, 278 AD2d at 801).
We would further hold that defendant failed to establish "a prima facie showing of entitlement to judgment as a matter of law" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]) because his submissions failed to eliminate all triable issues of fact whether plaintiff was engaged in routine maintenance—which falls outside of the protections of Labor Law § 240 (1)—or a repair of the flatbed trailer, a protected activity (see generally Kostyo v Schmitt & Behling, LLC, 82 AD3d 1575, 1576 [4th Dept 2011]). "[D]elineating between routine maintenance and repairs is frequently a close, fact-driven issue" (Pieri v B & B Welch Assoc., 74 AD3d 1727, 1728 [4th Dept 2010] [internal quotation marks omitted]). "That distinction depends upon whether the item being worked on was inoperable or malfunctioning prior to the commencement of the work . . . , and whether the work involved the replacement of components damaged by normal wear and tear" (id. [internal quotation marks omitted]). "[W]ork consisting of remedying a common problem is generally considered routine maintenance" (id. at 1729; see generally Abbatiello v Lancaster Studio Assoc., 3 NY3d 46, 53 [2004]; Esposito v New York City Indus. Dev. Agency, 1 NY3d 526, 528 [2003]). Here, defendant failed to establish that the replacement of the air tank was a common occurrence due to normal wear and tear (see generally Pieri, 74 AD3d at 1728-1729). Although we are cognizant of the concerns raised by the majority and by the Court of Appeals in Dahar v Holland Ladder & Mfg. Co. (18 NY3d 521, 525 [2012]), under the unique circumstances of this case, we cannot conclude that plaintiff was not engaged in a protected activity as a matter of law.
Finally, even assuming, arguendo, that defendant established on his cross motions that plaintiff is not entitled to the protection of Labor Law § 240 (1) inasmuch as plaintiff was engaged in the task of replacing the air tank as a volunteer (see generally Cromwell v Hess, 63 AD3d 1651, 1652 [4th Dept 2009]), we conclude that plaintiffs raised a triable issue of fact in opposition in that regard (see generally Stringer v Musacchia, 46 AD3d 1274, 1276-1277 [3d Dept 2007], affd 11 NY3d 212 [2008]; Thompson v Marotta, 256 AD2d 1124, 1125 [4th Dept 1998]; Vernum v Zilka, 241 AD2d 885, 886-887 [3d Dept 1997]).
Entered: November 18, 2022
Ann Dillon Flynn
Clerk of the Court