Primosch v Peroxychem, LLC (2023 NY Slip Op 04286)

Primosch v Peroxychem, LLC

2023 NY Slip Op 04286

Decided on August 11, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, OGDEN, AND GREENWOOD, JJ.

556 CA 22-01298

[*1]STEVEN PRIMOSCH AND JEANNE PRIMOSCH, PLAINTIFFS-RESPONDENTS,
v
PEROXYCHEM, LLC, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 

GOLDBERG SEGALLA LLP, BUFFALO (PAUL D. MCCORMICK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CARL W. MORGAN, P.C., HAMBURG (CARL W. MORGAN OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Lynn W. Keane, J.), entered June 3, 2022. The order, insofar as appealed from, upon reargument, adhered to a prior determination denying those parts of the cross-motion of defendant for summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) claims and granted plaintiffs summary judgment on their Labor Law § 240 (1) claim. 
It is hereby ORDERED that the order insofar as appealed from is reversed on the law without costs, defendant's cross-motion is granted in part, and plaintiffs' Labor Law §§ 240 (1) and 241 (6) claims are dismissed.
Same memorandum as in Primosch v Peroxychem, LLC ([appeal No. 1] — AD3d — [Aug. 11, 2023] [4th Dept 2023]).
All concur except Whalen, P.J., and Ogden, J., who dissent in appeal No. 2 and vote to affirm in the following memorandum: We respectfully dissent in appeal No. 2 because we disagree with the majority's conclusion that Steven Primosch (plaintiff) was not engaged in "cleaning" within the meaning of Labor Law § 240 (1). The Court of Appeals has stated that "an activity cannot be characterized as 'cleaning' under [that] statute, if the task:(1) is routine, in the sense that it is the type of job that occurs on a daily, weekly or other relatively-frequent and recurring basis as part of the ordinary maintenance and care of commercial premises; (2) requires neither specialized equipment or expertise, nor the unusual deployment of labor; (3) generally involves insignificant elevation risks comparable to those inherent in typical domestic or household cleaning; and (4) in light of the core purpose of Labor Law § 240 (1) to protect construction workers, is unrelated to any ongoing construction, renovation, painting, alteration or repair project" (Soto v J. Crew, Inc., 21 NY3d 562, 568 [2013]). Whether the activity is "cleaning" is an issue for the court to decide, and "[t]he presence or absence of any one [factor] is not necessarily dispositive if, viewed in totality, the remaining considerations militate in favor of placing the task in one category or the other" (id. at 568-569).
Here, the record shows that plaintiff was assisting in "inspection, testing and maintenance service work" for electrical substation equipment, including several vacuum circuit breakers (VCB), which required him to, inter alia, clean the equipment using shop-vacs, scratch pads, and spray cleaners. This service typically took place during a designated annual shutdown of the substation, although each VCB was serviced only once every three years, and certain other equipment was serviced only once every five years. Based on that evidence, we disagree with the majority's conclusion that the activity occurred with "relative frequency" (Healy v EST Downtown, LLC, 38 NY3d 998, 1000 [2022]) within the meaning of the first factor inasmuch as an activity that occurs annually—or less often—is not conducted on a "daily, weekly or other [*2]relatively-frequent and recurring basis" (Soto, 21 NY3d at 568).
The majority does not address the second and third factors, both of which also weigh in plaintiffs' favor. With respect to the second factor, although some of the supplies used by plaintiff were typical household or commercial cleaning equipment, plaintiff also used specialized testing equipment, wore protective clothing, and was a journeyman electrician trained to work in a high voltage environment. With respect to the third factor, plaintiffs established that the VCBs were eight or nine feet tall and that the work required plaintiff to climb to either the third or fourth rung of an 8- or 10-foot ladder, a height that has been found to present an elevation-related risk that Labor Law § 240 (1) was intended to address (see Swiderska v New York Univ., 10 NY3d 792, 793 [2008]; Gordon v Eastern Ry. Supply, 82 NY2d 555, 560-561 [1993]).
The fourth factor also supports a finding that plaintiff was engaged in a covered cleaning activity based on the environment in which the work was being performed. The Court of Appeals has made clear that it is "[in]consistent with the spirit of the [Labor Law] statute to isolate the moment of injury and ignore the general context of the work" (Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 882 [2003]). Plaintiff was a highly skilled electrician performing specialized cleaning tasks in a dangerous, high-voltage environment in the course of his employment with a specialized contractor engaged under a contract to carry out that high-risk, specialized activity. We conclude that, "viewed in totality," the considerations surrounding the incident here "militate in favor" of a determination that this case involves a covered activity (Soto, 21 NY3d at 569) inasmuch as plaintiff's activity was not comparable to that of a "bookstore employee who climbs a ladder to dust off a bookshelf" or a "maintenance worker who climbs to a height to clean a light fixture" (Dahar v Holland Ladder & Mfg. Co., 18 NY3d 521, 526 [2012]).
The majority concludes that "the risk inherent in the work resulted not from gravity but from the high voltage of the VCBs." While there can be no doubt that the electrical shock was one proximate cause of plaintiff's injury, plaintiff was also injured by being thrown off his ladder and landing on the ground, and recovery under Labor Law § 240 (1) is not foreclosed merely because an elevation-related risk was not the only proximate cause of a worker's injury (see generally Gordon, 82 NY2d at 562). We would therefore affirm the order in appeal No. 2 insofar as it granted summary judgment in plaintiffs' favor on the Labor Law § 240 (1) claim.
With respect to plaintiffs' Labor Law § 241 (6) claim, the Court of Appeals has stated that section 241 (6) protects workers "from industrial accidents specifically in connection with construction, demolition or excavation work" (Nagel v D & R Realty Corp., 99 NY2d 98, 102 [2002]). "[T]he courts have generally held that the scope of Labor Law § 241 (6) is governed by 12 NYCRR 23-1.4 (b) (13) which defines construction work expansively" (Vernieri v Empire Realty Co., 219 AD2d 593, 595 [2d Dept 1995]). We cannot conclude that "[t]he work performed by plaintiff at the time of his injury constituted routine maintenance in a non-construction, non-renovation context" (Bieber v A & B Wholesale, 291 AD2d 936, 936 [4th Dept 2002] [internal quotation marks omitted]). We would therefore also affirm the order in appeal No. 2 insofar as it denied that part of defendant's cross-motion for summary judgment dismissing plaintiffs' Labor Law § 241 (6) claim.
Entered: August 11, 2023
Ann Dillon Flynn
Clerk of the Court